**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert James TAYLOR,**
**Defendant–Appellant.**

**No. 88–3677**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 6, 1989.

---

1. Section 4A1.3 (emphasis supplied).

Theodor A. Schirmer, Baton Rouge, La., for defendant-appellant.

Edward Gonzales, Asst. U.S. Atty. and P. Raymond Lamonica, U.S. Atty., Baton Rouge, La., for plaintiff-appellee.

1. Taylor's challenge to the constitutionality of the Guidelines has been resolved by the Su-

Before REAVLEY, JONES, and DUHE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Taylor challenges his sentence pursuant to the Federal Sentencing Guidelines which led to a five-year prison term for conspiracy to distribute LSD.[1] Although the record does not indicate that appellant's counsel suggested any of the challenges which he now raises to the trial court, in the interest of justice and because they involve matters of law under a novel and potentially complex scheme, we will address them. We conclude, however, that Taylor has not raised a substantial challenge to his sentence, and we therefore affirm the sentence.

Taylor first contends that the district court incorrectly applied the Guidelines and should have instead sentenced outside the Guidelines because there were two "mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence different from that described [in the Guidelines]." 18 U.S.C. § 3553(b). The mitigating circumstances are Taylor's full cooperation with the government and his longstanding history of heroin and cocaine addiction. As to the former concern, the Sentencing Guidelines provide a specific procedure by which the government can move for consideration of a defendant's cooperation as a mitigating circumstance. Sentencing Guidelines, Chapter 5, Part K—Departures, Section 5K1.1. It is thus incorrect to say that the Guidelines do not address cooperation. More to the point in this case, however, the government did recognize Taylor's cooperative attitude by charging him with a single-count conspiracy offense rather than with additional offenses, as the government and trial court observed during the sentencing

preme Court.

colloquy. As the trial court put it, Taylor received his bargain on the charging end of this case in exchange for his cooperation. There is no basis for asserting that the trial court's failure to grant further leniency by departing from the Guidelines was either authorized or an abuse of discretion.

Taylor also contends that his lengthy history of drug addiction should qualify as a mitigating circumstance. He contends that addiction is not adequately covered in the Guidelines, and the sentencing court therefore should have gone outside the Guidelines to address this condition. This is incorrect. The Guidelines address drug use as a possible mitigating factor in §§ 5H1.4 and 5K2.13 (diminished capacity). Although § 5H1.4 is a policy statement that drug use should not ordinarily influence sentencing determinations, it indicates two things. First, the Sentencing Commission did consider drug and alcohol abuse as it was statutorily required to do. 28 U.S.C. § 994(d)(5). Second, the Commission properly recognized that, "Substance abuse is highly correlated to a propensity to commit crime." Sentencing deviations based on this characteristic should be handed down with extreme reluctance. In any event, because Taylor did not raise this issue at the trial court, the pertinent facts of his addiction were not aired, and more important, the court was unable to make a record regarding any possible departure, as required by 18 U.S. C. § 3553(b).

Taylor next contends that the Guidelines are inapplicable, and sentencing should have been conducted without respect to them, because the Guidelines indicated a maximum sentence of at least eight years, whereas the substantive offense with which Taylor was charged carried a maximum sentence of five years. The district court, recognizing this disparity, sentenced in accordance with the statutory maximum. This argument, if adopted, would throw the Guidelines' applicability into serious confusion. The purpose of the Sentencing Guidelines is to integrate the Sentencing Commission's sentencing framework with the pertinent provisions of Title 18 of the United States Code. See 28 U.S.C. § 994(a). Taylor's request for approximate symmetry in each case between the Guidelines and the sentences prescribed by Congress for various offenses is chimerical. The statutes address differing subject matter, i.e., the grading of factors pertinent to sentencing and the range of possible sentences for an offense, and they may not always be expected to concur. Congress did provide that the Title 18 maximum sentence would govern in the end. Thus, the court correctly held that where the Sentencing Guidelines would have indicated a longer term of imprisonment, the statutory maximum must be imposed.[2]

Taylor's last challenge to his sentence is based on the alleged ambiguity of the Guidelines concerning the weight of the LSD he distributed. He acknowledges that he conspired to violate 21 U.S.C. § 841(b)(1)(A), which prohibits the distribution of ten grams or more of a substance "containing a detectable amount" of LSD. He alleges, however, that the Guidelines do not clearly distinguish between the weight of the controlled substance, on one hand, and the weight of that substance combined with the weight of the medium on which it was distributed. In the case of LSD, the distribution medium is generally much heavier than the drug itself. We believe the Guidelines answer this argument, as § 2D1.1 states:

> The scale amounts for all controlled substances refer to the total weight of the controlled substance. Consistent with the provisions of the Anti–Drug Abuse Act, if any mixture of a compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.

There is no ambiguity in this statement. Consequently, the court properly sentenced Taylor according to the weight of the LSD

---

**2.** The Sentencing Guidelines would have suggested a fine of at least $150,000. The trial court did not impose this fine because the defendant has no assets. The government does not contest this result.

combined with its distribution medium paper, totalling 17.53 grams.

The sentence of the trial court is AFFIRMED.