**UNITED STATES of America, Appellee,**

v.

**Roger JUSTICE, Appellant.**

No. 88–2539.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1989.

Decided June 8, 1989.

Rehearing and Rehearing En Banc Denied Aug. 7, 1989.

Lee T. Lawless, St. Louis, Mo., for appellant.

Patricia A. McGarry, St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, FLOYD R. GIBSON and TIMBERS,* Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

Roger Justice appeals his sentence imposed after he entered a plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Justice was sentenced to 71 months imprisonment pursuant to the sentencing guidelines. For the following reasons we affirm the sentence imposed by the district court.[1]

## I. BACKGROUND

Justice raises two arguments on appeal. First, he argues that the sentencing guidelines are unconstitutional and, second, he argues that the district court erred in failing to depart from the guidelines when imposing his sentence.

Justice's argument challenging the constitutionality of the guidelines was briefed prior to the recent Supreme Court decision in *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). *Mistretta* upheld the guidelines and rejected the arguments which are now raised by Justice. Accordingly, we will not discuss this issue further.

The remaining issue in this appeal challenges the district court's refusal to depart below the guidelines in assessing Justice's sentence. Justice maintains that because of his substantial cooperation with the government in investigating other criminal activity he was entitled to a sentence which departed below the guidelines. Justice also argues that the criminal history category resulting from his four prior misdemeanor convictions overstated the seriousness of his criminal background.[2] The sentencing range for Justice's offense under the guidelines was 63–78 months. The district court sentenced Justice to 71 months imprisonment.

## II. DISCUSSION

### A. *Substantial Assistance to Authorities*

The government does not dispute the fact that Justice provided substantial assistance. However, the government argues that a departure below the guidelines for substantial assistance requires a motion by the government. Such a motion was not made.

We begin our analysis by noting that historically, our review of sentences has

---

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit Court of Appeals, sitting by designation.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. Justice had four misdemeanor convictions which carried sentences of 10 days, 30 days, 180 days, and 6 months.

been very limited. We do not know, at this point, the extent to which the new guidelines will change our role in the sentencing process. It does appear, however, that we will be called upon to review sentences with a much greater frequency. The standard of review applicable to the sentences imposed in the pre-guideline era limited appellate review to only those sentences which were "excessive under traditional concepts of justice" or "manifestly disproportionate to the crime or the criminal." *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir.1973) (en banc) (citations omitted). This review gave the sentencing court much discretion in arriving at its sentence. The guidelines take a great deal of discretion out of the district court's sentence determination. To some extent the sentencing has been relegated to a somewhat mechanical process. A sentencing range is determined under the guidelines and the only discretion left to the district judge is imposing a sentence within this range or in extraordinary cases the district court may exercise its discretion in granting a departure.[3] We recognize that this description of sentencing under the guidelines is an oversimplification; the point we are trying to make is that some discretion is still left to the district court. Areas in which discretion in the district court has been retained in the new guidelines were recently recognized by this court. In *United States v. Brittman*, 872 F.2d 827, 828 (8th Cir.1989), a panel of this court noted that

[u]nder the Guidelines, sentencing judges retain discretion to accept or reject a plea bargain, to resolve factual disputes about the appropriate base offense level, to consider adjusting that base level for mitigating and aggravating circumstances, to choose from a range of sentences, to set probation conditions, and to determine when to depart from the Guidelines. Thus, some discretion, some power to fit sentences to the individual offender, is left.

We believe that in these areas the limited scope of review applicable in the pre-guideline era retains its full vigor. Accordingly, the issues raised in this case are reviewed under the pre-guideline abuse of discretion standard.

■ Justice argues that 18 U.S.C. § 3553(b) provides a basis for a departure below the guidelines. Section 3553(b) provides that departure from the guidelines may be warranted where there exists "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines * * * *" 18 U.S.C. § 3553(b) (Supp. V 1987). We do not find this argument persuasive because it is clear that § 3553(b) was intended to provide a very limited basis for departure. That section was intended to apply to those situations not addressed by the Commission in its guidelines, policy statements, and official commentary. *Id.* Departures under § 3553(b) were intended to be quite rare. Furthermore, departure for substantial assistance to authorities was specifically dealt with by the Commission in a policy statement. *See, e.g., United States v. Taylor*, 868 F.2d 125, 126 (5th Cir.1989).

Section 5K1.1 provides: *"Upon motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Sentencing Guidelines, Chapter 5, Part K—Departures, Section 5K1.1 (emphasis added) [hereinafter Section 5K1.1 or § 5K1.1].

Because the Commission has provided a policy statement relating to substantial assistance to authorities departure under § 3553(b) would be improper. Any departure for substantial assistance must be made, if at all, pursuant to section 5K1.1. *United States v. Taylor*, 868 F.2d at 126.

In *United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989), the Eleventh Circuit rejected a chal-

---

3. The initial sentencing range called for under the guidelines is generally determined in the

Presentence Report that is prepared by the Probation Office and submitted to the district court.

lenge to the "substantial assistance" provisions contained in Fed.R.Crim.P. 35(b)[4] and 18 U.S.C. § 3553(e).[5]

Both provisions provide, in language similar to § 5K1.1, that a motion by the government is necessary before a district court may consider a defendant's substantial assistance to authorities. In *Musser* the substantial assistance provisions were challenged as unconstitutional "because [they] delegate[ ] to prosecutors unbridled discretion to decide who is entitled to a sentence reduction." *United States v. Musser,* 856 F.2d at 1487 (footnote omitted). The Eleventh Circuit rejected this argument noting that "the only authority 'delegated' by the rule is the authority to *move* the district court for a reduction of sentence in cases in which the defendant has rendered substantial assistance. The authority to actually reduce a sentence remains vested in the district court * * * *" *Id.* (emphasis in original). Finally, the Eleventh Circuit commented that there is "no constitutional right to the availability of the 'substantial assistance' provision, and hence no grounds upon which to challenge Congress' manner of enacting it." *Id.*

We have several problems with § 5K1.1's requirement that a motion by the government is necessary before a district judge can depart from the guidelines. First, this arrangement places discretion that has historically been in the hands of a federal judge into the hands of the prosecutor. Under the guidelines the prosecutor has the discretion whether to file a motion in a particular case. Second, whether the prosecutor has abused this discretion in refusing to file a motion in a particular case is a question that appears to be unreviewable. If a judge is powerless to depart in the absence of a motion, the prosecutor is able to exercise far greater discretion than has historically been vested in the district judge. While a district judge's actions were subject to some degree of appellate review in the pre-guideline cases, under the new guidelines there appears to be no right of review or remedy if the prosecutor refuses to file a motion. Third, the issue of whether a defendant has provided substantial assistance to authorities may be a disputed factual issue. Section 5K1.1 basically gives the prosecutor the role of the trier of fact in resolving this issue. In this regard, we note that the guideline only requires a defendant to make a *"good faith effort* to provide substantial assistance in the investigation or prosecution of another * * * *" Section 5K1.1 (emphasis added).

These problems we have just noted are readily apparent in the instant case where the government does not dispute that Justice has made a good faith effort to provide substantial assistance to authorities. Indeed, the government has stipulated to many of the steps that Justice has taken to aid authorities. For example, Justice attempted to carry out the delivery of drugs to his co-conspirators and he identified his colleagues and their financial backers. He provided all the identifying information he had with respect to his source of supply including a contact number. Justice also attempted to contact his source on two occasions. Finally, Justice provided information regarding other drug activities and

---

**4.** Fed.R.Crim.P. 35(b) provides:

The court, *on motion of the Government,* may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The court's authority to lower a sentence under this subdivision includes the authority to lower such sentence to a level below that established by statute as a minimum sentence.

Fed.R.Crim.P. 35(b) (emphasis added).

**5.** 18 U.S.C. § 3553(e) provides:

*Upon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (Supp. V 1987) (emphasis added).

agreed to provide grand jury and trial testimony as needed. Thus, the government's refusal to motion the court for departure under § 5K1.1 in this case seems to be unreasonable in light of its stipulation.

Under these facts the question becomes what is a defendant's remedy for the government's refusal to file a motion in recognition of the defendant's efforts to aid authorities? Although the guidelines have been in place for a relatively short time this is not the first case in which this issue has arisen.

In *United States v. Coleman,* 707 F.Supp. 1101, 1103 (W.D.Mo.1989), several defendants filed a motion with the district court requesting it to order the government to file a motion which would then permit the district court to consider a departure or, in the alternative, to consider a departure notwithstanding the government's failure to file a motion. In *Coleman* the government entered a plea agreement with the defendants that provided that the government would move for dismissal of all charges against the defendants with the exception of the charge to which the defendants plead guilty. In addition, the agreement provided that the government would advise the sentencing court of the nature, extent, and importance of the assistance the defendants provided to law enforcement authorities. *Id.* at 1118–19. The agreement, however, did not discuss the manner in which the government would advise the sentencing court of the defendant's assistance.

The government refused to file a motion with the sentencing court but rather sought to discharge its obligations under the agreement by writing a letter to the sentencing court detailing the assistance provided by the defendants. In a scholarly opinion, Judge Oliver resolved this problem by concluding that the plea agreement drafted by the government was ambiguous and it therefore interpreted the agreement

against its drafter. Accordingly, the district court treated the letters submitted by the government as a motion authorizing it to depart below the guidelines. *Id.* at 1119. In another case, *United States v. White,* 869 F.2d 822, 829 (5th Cir.1989), the Fifth Circuit stated that the "policy statement [§ 5K1.1] obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance." Thus the court suggested, without further elaboration, that there may be a remedy if the government refuses to recognize a defendant's substantial assistance.

In order to nullify § 5K1.1's clear mandate requiring a motion before a court may depart below the guidelines in recognition of a defendant's cooperation we would have to conclude either that § 5K1.1 is unconstitutional or that it fails to implement the Congressional directive in 28 U.S. C. § 994(n).[6] To date such challenges have been rejected by the courts. *See, e.g., United States v. Musser,* 856 F.2d at 1486–87 (rejecting an equal protection and separation of powers challenge to 18 U.S.C. § 3553(e)'s requirement of a motion before sentencing court can depart); *see also United States v. White,* 869 F.2d at 828–30 (rejecting claim that § 5K1.1 fails to implement the Congressional directive of 28 U.S. C. § 994(n)). While we recognize that § 5K1.1 allows the district court, upon motion of the government, to depart below the guidelines to reward a defendant's cooperation, we are not positive that this provision, in the absence of a motion by the government, would divest a sentencing court of the authority to depart below the guidelines in recognition of a defendant's clearly established and recognized substantial assistance to authorities. We believe that in an appropriate case the district court may be empowered to grant a departure notwithstanding the government's refusal to motion the sentencing court if the defen-

---

6. 28 U.S.C. § 994(n) provides:
 The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as mini-

mum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.
28 U.S.C. § 994(n) (Supp. IV 1986).

dant can establish the fact of his substantial assistance to authorities as outlined above. Nevertheless, we are not prepared to decide this issue based on the record currently before us.

Thus, while we are inclined to hold that a motion by the government may not be necessary in order for the sentencing court to consider a departure based on substantial assistance to authorities, we need not reach this issue. In *United States v. Taylor*, 868 F.2d 125, Taylor appealed his sentence contending that the district court incorrectly applied the guidelines by refusing to depart pursuant to 18 U.S.C. § 3553(b). As already noted, section 3553(b) allows departure for situations which are not specifically covered within the guidelines. Taylor maintained that he was entitled to a departure because of his cooperation with the government and his longstanding history of drug addiction. The Fifth Circuit rejected Taylor's argument noting that because the guidelines address departure for substantial assistance to authorities in section 5K1.1, a departure for cooperation under § 3553(b) was not warranted. The court continued by noting that

> the government did recognize Taylor's cooperative attitude by charging him with a single-count conspiracy offense rather than with additional offenses, as the government and trial court observed during the sentencing colloquy. As the trial court put it, Taylor received his bargain on the charging end of this case in exchange for his cooperation. There is no basis for asserting that the trial court's failure to grant further leniency by departing from the Guidelines was either authorized or an abuse of discretion.

*Id.* at 126–27.

This analysis is relevant to the instant case. In the present case the government notes that as a result of the plea negotiations Justice was charged with possession of cocaine rather than possession in excess of 500 grams of cocaine which would have invoked the statutory minimum sentence of five years. It is not clear from the stipulation whether the government's decision to give Justice leniency in charging him with the lesser violation was due, in part, to his cooperation. However, in correspondence with the government during plea negotiations counsel for Justice wrote "[w]e would, of course, like for Mr. Justice to reap the full benefit of any helpful information he has provided."

Thus the plea agreement reached between Justice and the government was likely attributable, at least in part, to Justice's cooperation. As a result of the plea agreement Justice avoided a charge that carried a statutory minimum sentence of five years. Therefore, he received the benefit of his cooperation during the charging phase of this case in the same manner as the defendant in the *Taylor* case. The fact that the district court's ultimate sentence exceeded the five year minimum sentence which Justice sought to avoid through his plea negotiations (Justice was sentenced to 71 months) is of no significance. If Justice desired further leniency for his cooperation during his sentencing he should have at least made it clear that the plea did not affect his entitlement to have the sentencing court consider a departure under § 5K1.1, or alternatively, he should have negotiated for the government's promise to file a § 5K1.1 motion during the sentencing hearing.

Finally, the sentencing transcript reveals that Justice's argument that a sentencing court is free to depart below the guidelines without a motion by the government was not urged in the district court. In fact, Justice's counsel appeared to concede the necessity of a motion.

The following comments were made during Justice's sentencing hearing:

Counsel for Justice:

> And we had also pointed out that there was some assistance to the DEA in this case. I realize that there's provision that —for providing substantial assistance and like requires a motion of the government, but there was some—some assistance provided in this case and I think that coupled with the overkill on the criminal history situation, two of those

would warrant this Court considering a departure below the guidelines.

Sentencing Transcript at 9.

 Justice did not challenge the government's refusal to file a motion for departure and did not present the arguments to the district court that he is now making to this court. Thus, there is a question as to whether this issue is properly raised on appeal. This court, however, will consider issues and arguments raised for the first time on appeal if we conclude that denying review will violate a defendant's substantial rights. Nevertheless, we do not believe that Justice's substantial rights have been violated in the present case. Regardless of whether a motion by the government is required, the guidelines provide "the district courts with discretion to decide whether, and to what extent, to reward a defendant's cooperation." *United States v. Smith*, 839 F.2d 175, 180 (3d Cir.1988) (footnote and citations omitted). The district court made a specific finding that the "[r]ecord does not support departure from the guidelines." Based on this finding and the colloquy that took place during Justice's sentencing hearing we do not believe the district court abused its discretion in refusing Justice's request for a departure from the range called for under the sentencing guidelines. *See, e.g.,* *United States v. Rojas*, 868 F.2d 1409, 1410 (5th Cir.1989) ("A claim that the district court refused to depart from the guidelines and imposed a lawful sentence provides no ground for relief."). In addition, as noted Justice received leniency from the government when it charged him.

### B. *Criminal History Category*

Justice also argues that he was entitled to a departure below the guidelines because his criminal history category was not warranted. He maintains that his criminal history is substantially overstated because his prior convictions were for relatively minor offenses. We believe this argument is without merit.

The district court's findings with respect to the offenses included within Justice's criminal history are findings of fact and are thus reviewed under the clearly erroneous standard. The district court's refusal to depart from the guideline range, however, is reviewed for an abuse of discretion.

Our research has not revealed a single case in which a sentencing court has concluded that a defendant's criminal history category overrepresented the seriousness of the defendant's criminal history. Nevertheless, Section 4A1.3 explicitly authorizes a downward departure if such a conclusion is reached by the sentencing court. Section 4A1.3 allows the sentencing court to evaluate the adequacy of a defendant's criminal history category and, in appropriate cases, where the criminal history category overrepresents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crime, the court may depart below the guidelines. As already noted, the decision whether to depart below the guidelines rests in the sound discretion of the sentencing court.

██ In *United States v. White*, 869 F.2d at 827–28, the court discussed the method of calculating a defendant's criminal history under the guidelines. The court also noted that "[t]o minimize any risk of injustice, the guidelines allow the defendant to introduce information concerning the seriousness of an underlying conviction so that an accurate criminal history category can be set by the district court." *Id.* at 828. This is exactly what counsel for Justice did during the sentencing hearing. He strenuously argued to the district court that Justice's criminal history category determined under the guidelines overstated the seriousness of Justice's criminal background. The district court, however, was not persuaded and we perceive no abuse of discretion committed by the district court.

### III. CONCLUSION

We hold that the district court did not abuse its discretion in refusing to depart below the guideline range when it imposed sentence on Justice. Accordingly, we af-

firm the district court's sentence determination.