**UNITED STATES of America**

v.

**Ligia CRUZ.**

**No. 88–127–CR.**

United States District Court,
S.D. Florida.

Dec. 19, 1989.

Tom Mulvihill, Asst. U.S. Atty., Miami, Fla., for the Government.

Frederick Mann, Miami, Fla., for defendant.

## MEMORANDUM DECISION

SCOTT, District Judge.

This cause is before the Court upon Defendant Ligia Cruz's Motion for Departure from the Sentencing Guidelines pursuant to Section 5K1.1. The Government opposes the Motion.

Section 5K1.1 provides that the Court may depart from the Guidelines "upon motion by the Government" establishing that the Defendant has provided substantial assistance to the Government. The Government has not filed such a motion. However, the Defendant contends that the Court may grant departure under section 5K1.1 even absent a motion by the Government.

Apparently this issue has not yet been squarely decided by any court. Most of the cases cited by the parties involved constitutional challenges to the substantial assistance provision.[1] However, in dicta, some courts have expressed their view that the sentencing court has the authority to depart from the guidelines under the substantial assistance provision even if the Government fails to file a motion requesting departure.[2]

---

1. For example, in *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989), the Ninth Circuit rejected a due process and separation of powers challenge to the provision. In so holding, the court stated that Congress could rationally choose to vest some sentencing discretion in the prosecutor, "the only person who knows whether a defendant's cooperation has been helpful."

The Eleventh Circuit rejected a similar due process and separation of powers attack in *United States v. Severich*, 676 F.Supp. 1209 (S.D.Fla. 1988), *aff'd*, 872 F.2d 434 (11th Cir.1989) (without opinion). The opinion in *Severich* was written by the United States Magistrate, adopted by the District Court, and affirmed by the Eleventh Circuit without opinion. Thus, in our view, that decision is not entitled to much precedential weight.

2. The most comprehensive opinion on this point is *United States v. Justice*, 877 F.2d 664 (8th Cir.1989). In *Justice*, the Eighth Circuit, while not deciding the issue, stated that it was "inclined to hold that a motion by the government may not be necessary in order for the sentencing court to consider a departure based on substantial assistance." The court found that the

The Defendant contends that she made a good faith effort to provide assistance, but that the Government rejected her overtures. However, this argument must fail on two grounds. First, the Defendant has not established that she provided *substantial* assistance to the Government. Second, we are not inclined to hold that the Government is required to cooperate with a defendant. That is an inherently prosecutorial decision.

We emphasize that, ordinarily, the Government will be in the best position to know whether the Defendant's assistance, if any, has been substantial. *United States v. Ayarza*, 874 F.2d 647 (9th Cir. 1989). It is conceivable that the Court could recognize the Defendant's substantial assistance if the Government's refusal to do so is in bad faith. This is not such a case, however.

In short, even if we were inclined to hold that the Guidelines permit departure absent a motion from the Government, we find that the Defendant has failed to meet her burden of showing that she has provided substantial assistance. Thus, we need not decide whether a motion from the Government is required.

We have considered Defendant's remaining arguments for departure and find them to be without merit. Accordingly, the Defendant's Motion for Departure from the Guidelines pursuant to section 5K1.1 is hereby DENIED.

DONE and ORDERED.

---

defendant had received the benefit of his assistance "on the charging end" of the case rather than through sentencing. The court further noted that if the plea agreement provides that the government will advise the court of the Defendant's cooperation, it might be a breach of a plea agreement for the government to fail to file a motion for departure.

Other language to the same effect is found in other circuit opinions. *See United States v. White*, 869 F.2d 822 (5th Cir.1989) (constitution-al challenge) ("The guideline provision obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance."); *United States v. Huerta*, 878 F.2d 89 (2d Cir.1989) (due process challenge) (The district court retains the authority to consider cooperation in applying the general dictates of the guidelines, "whether or not the government agrees.").