**UNITED STATES of America**

v.

**Joseph HUSS and Jack Collins.**

**No. 89 CR 760.**

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1989.

Ira Raphaelson, Acting U.S. Atty., and John L. Burley, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Erwin Neiman, Neiman & Belgrad, Skokie, Ill., for defendants.

### MEMORANDUM ORDER AND OPINION

ZAGEL, District Judge.

Absent departure, the Guidelines require a six to ten month sentence for these two cartage thieves, Huss and Collins. Both defendants assisted a federal investigation, but their help led not to prosecution. Instead the government stopped an inquiry founded on the premise of criminal acts by a supposed high ranking corporate officer. The government reasonably believed that an executive stole from his own company,

but the evidence of Huss and Collins destroyed this belief.

The law says that the court may depart from the Guidelines where the "defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a crime." United States Sentencing Commission, *Guidelines Manual*, sec. 5K1.1 (Nov.1989). The government, whose motion is required to invoke this departure[1], concedes that the words of the law do not fit the facts of this case. What was assisted was the investigation of a person who has *not* committed a crime.

If no departure may be made where the defendant assists in exonerating another person, the policies underlying the Guidelines would be quite difficult to defend. A criminal law that presumes innocence[2], demands proof of guilt beyond a reasonable doubt[3], requires production of exculpatory matters[4], and ignores rules of evidence to admit reliable evidence of innocence[5], offers no easy resting place for a doctrine barring sentence benefit to one who convincingly exonerates another.[6]

There is no crisis of law here. Congress said a court may depart whenever it finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission."[7] Is the assistance to exculpate a mitigating circumstance different in kind or in degree from the assistance to inculpate? Perhaps they are different in kind: their results are different and the motives of the assisters are different. Perhaps the difference is one of degree: the act of assistance is the same in either case—and thus the law is symmetrical—if we disregard only the phrase "who has committed a crime" when the assistance exonerates.

The type of difference matters less than the fact a difference exists between the two circumstances. Most importantly, the commission did not address this issue. Accordingly, the Guidelines grant us power to depart to reward the convict who exonerates another. And this power remains until Congress or the Commission considers this question.

In this case, exonerate is too strong a word for what Huss and Collins did. The government had set no target. But the government was proceeding to a full investigation based on an erroneous premise. These two defendants may have saved no one's freedom or good name, but they did save the government the expense of a fruitless inquiry and the diversion of effort from more promising work. The Commission did not consider this benefit to the United States, which is different in kind from the circumstances the Commission did consider. This benefit mitigates the wrong done by the defendants. This too serves as ground for departure.

We grant the motion of the United States for a downward departure and reduce the offense level of ten to an offense level of seven. The sentence will be imposed accordingly.

1. Compare *United States v. Huerta,* 878 F.2d 89 (2nd Cir.1989) with *United States v. Justice,* 877 F.2d 664 (8th Cir.1989).

2. *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978).

3. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

4. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962).

5. *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

6. This does not mean there is no resting place. Formal rules would not preclude denial of this sentence benefit. *See* Wittgenstein, *Philosophical Investigations* Sec. 201 ("every course of action can be made to accord with the rule"). Indeed, reasoned legislation gives less access to benefits to defense witnesses testifying for acquittal than it gives to prosecution witnesses testifying for conviction. The defense cannot accord immunity to its witnesses, the prosecution can. *See United States v. Pennell,* 737 F.2d 521 (6th Cir.1984).

7. 18 U.S.C. sec. 3553(b).