**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Anthony Wade BROWN, Defendant/Appellant.**

No. 89–6342.

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1990.

Joseph L. Wells, Oklahoma City, Okl., for defendant/appellant.

Timothy D. Leonard, U.S. Atty., and D. Blair Watson, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff/appellee.

Before McKAY and SETH, Circuit Judges, and KANE,[1] District Judge.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

1. Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation.

## I. FACTS

Defendant Anthony Wade Brown entered a plea of guilty to the charge of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (1988). In compliance with the plea agreement, the government submitted a confidential memorandum to the district court which indicated that Mr. Brown supplied information that assisted the government in indicting additional wholesale suppliers of heroin and cocaine. Mr. Brown argued below that this confidential memorandum was the "functional equivalent" of a government motion to depart under 18 U.S.C. § 3553(e) (1988) and § 5K1.1 of the United States Sentencing Guidelines. On appeal, Mr. Brown challenges the district court's denial of his motion to impose sentence below statutory minimum.

## II. DISCUSSION

Although defendant stylized his motion as one to impose sentence below the statutory minimum, under the present sentencing structure, we interpret this motion as one to impose sentence below the Sentencing Guidelines. Such an approach is consistent with the citations and arguments of both parties. Mr. Brown argues that the government's confidential memorandum containing information concerning his substantial assistance is the "functional equivalent" of a government motion to depart. *See United States v. Justice*, 877 F.2d 664, 668–69 (8th Cir.1989); *United States v. White*, 869 F.2d 822, 828–29 (5th Cir.1989). We have already decided that a trial court's authority to grant a § 5K1.1 reduction requires an actual motion by the prosecution and that even "a stipulation in the Memorandum of Understanding that defendant was entitled to a reduction of two offense levels for acceptance of responsibility" was not the functional equivalent of a motion.

**2.** Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." United States Sentencing Commission, *Guidelines Manual*, § 5K1.1 (Nov. 1989). That guideline implements 18 U.S.C.

*United States v. Kuntz*, 908 F.2d 655, 656–58 (10th Cir.1990). In *Kuntz* we recognized that the applicable sections [2] expressly "condition the district court's consideration of defendant's substantial assistance claim upon a prior motion of the government." *Id.* at 657. We believe our holding in *Kuntz* fully rejects the "functional equivalent" doctrine urged by defendant. *Cf. United States v. Musser*, 856 F.2d 1484, 1486–87 (11th Cir.1988).

AFFIRMED.

§ 3553(e), which provides that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e) (1988).