920 F.2d 1039
 287 U.S.App.D.C. 245
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Donnell Jasper JORDAN, Appellant.
 No. 90-3068.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 21, 1990.
 
 Before MIKVA, STEPHEN F. WILLIAMS and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the conviction and sentencing order are affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Donnell Jordan appeals from a judgment of conviction for possession with intent to distribute cocaine base. He was indicted on one count of violating 21 U.S.C. Secs. 841(a), 841(b)(1)(B)(iii) for possessing with an intent to distribute over 5 grams of cocaine base. Bail was set at $10,000, an amount that Jordan was unable to raise. One month later, a jury found Jordan guilty as charged. After entering the judgment of conviction, the district court sentenced Jordan to a term of 150 months (one month short of the maximum provided for in the guidelines), five years supervised release and a $50 assessment.
 
 
 5
 Appellant argues that his sentence violated the federal sentencing guidelines and due process, alleging that the district court judge should have recognized his authority to depart downward from the guidelines notwithstanding the government's failure to request such a departure by formal motion for substantial assistance under Sec. 5K1.1 of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), and should have done so in this case in light of the defendant's sincere though unsuccessful effort to cooperate with the government. Appellant also challenges the rejection of a requested jury instruction concerning unanimity in the deliberations. Because we find both challenges unpersuasive, the court affirms Jordan's conviction and sentence.
 
 I. ANALYSIS
 A. Application of the Sentencing Guidelines
 
 6
 Although presented as three separate issues, Jordan's claim that his sentence was unlawful reduces to a single basic argument: the trial judge should have taken into account Jordan's willingness to render substantial assistance to the government, prevented only by his own inability to make bail due to indigence. The government conceded that it was interested in Jordan's offer to cooperate and promised to make the required Sec. 5K1.1 motion if the assistance proved to be substantial, but nothing ever came of Jordan's offer because he was unable to secure pretrial release. It does appear, from the transcript of the sentencing hearing, that the district court felt powerless to depart downward absent a Sec. 5K1 motion from the government. In light of this court's decision in United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990), the district court was correct to believe that it lacked the discretion to depart downward for substantial assistance absent a Sec. 5K1.1 motion by the government.
 
 
 7
 This is not, however, simply a dispute over whether or not assistance was in fact "substantial," but instead it allegedly arises under the vague residual exception of Sec. 3553(b) which does not first require a government request. Jordan does not invoke the Sentencing Guideline authorizing downward departures for substantial assistance but relies instead on the provisions allowing a departure from the guidelines if "the court finds" a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. Sec. 3553(b); see also U.S.S.G. Sec. 5K2.0. In this case, Jordan assails the district court's failure to depart in light of a mitigating circumstance (willingness but inability to cooperate due to indigence) which he asserts was not adequately taken into consideration by the Commission. If, in fact, the mitigating factors asserted by Jordan had not been adequately taken into consideration by the Commission, the district court could have been in error in construing its discretion to depart from the guidelines so narrowly.
 
 
 8
 In "decid[ing] whether the Commission adequately considered [a] particular factor, we subject the court's determinations to plenary review." United States v. Burns, 893 F.2d 1343, 1345 (D.C.Cir.) (affirming district court's upward departure in light of the elaborate concealment and extended duration of the defendant's fraud), cert. granted, 110 S.Ct. 3270 (1990). "[W]hile decisions not to depart from the sentence range prescribed by the Guidelines may be within the discretion of the trial judge, and therefore not subject to change by an appellate court, decisions apparently based upon a mistake of law or fact are reviewable." United States v. Zine, 906 F.2d 776, 777 (D.C.Cir.1990) (per curiam) (finding no such error when the district court decided not to depart despite a government motion for downward departure for substantial assistance). See also United States v. Baskin, 886 F.2d 383, 389-90 (D.C.Cir.1989) (remanding a sentence because the trial judge "apparently believed that he did not have discretion to review the facts [concerning the defendant's previous state robbery conviction] and depart from the guidelines but that if he could he would"), cert. denied, 110 S.Ct. 1831 (1990); United States v. Cheape, 889 F.2d 477, 480 (3d Cir.1989) (remanding sentence because "the court was legally incorrect in ruling that the jury's verdict [rejecting] coercion as a defense precluded the court from considering coercion as a mitigating factor").
 
 
 9
 The question, then, is whether one's willingness to cooperate and inability to follow through due to indigency are mitigating circumstances not adequately taken into consideration by the Commission. It is difficult to contend that the Commission's treatment of substantial assistance as a factor in sentencing was inadequate. See U.S.S.G. Sec. 5K1.1 (authorizing downward departure upon government's motion and trial judge's consideration of several factors such as usefulness and timeliness of assistance); Sec. 5K1.2 (refusal to assist cannot be considered an aggravating factor). Other circuits have rejected efforts seeking downward departures for substantial assistance under Sec. 3553(b) rather than Sec. 3553(e) and Sec. 5K1.1. See United States v. Justice, 877 F.2d 664, 666 (8th Cir.), cert. denied, 110 S.Ct. 375 (1989); United States v. Taylor, 868 F.2d 125, 126-27 (5th Cir.1989). Jordan asserts that he was ready to give the government substantial assistance, and that the government was interested in his information and was prepared to recommend a downward departure in case of substantial assistance. Admittedly, none of the guidelines deal explicitly with the mere willingness to cooperate, but the Commission clearly meant to require more than just a good faith effort. See U.S. Sentencing Commission, Guidelines Manual at C. 133 (Nov. 1, 1990) (Sec. 5K1.1 was amended to eliminate language requiring a good faith effort because it "could be interpreted as requiring only a willingness to provide such assistance"). Furthermore, the guidelines direct that one's socio-economic status "is not relevant in the determination of a sentence." U.S.S.G. Sec. 5H1.10.
 
 
 10
 Jordan argues that, where both factors converge as they do here, departure may be permissible. We find persuasive, however, decisions by our sister circuits rejecting section 3553(b) claims based on the mere convergence of two already considered factors. See United States v. Pozzy, 902 F.2d 133, 138 (1st Cir.) (rejecting a "totality of the circumstances" approach where defendant was pregnant), cert. denied, 111 S.Ct. 353 (1990); United States v. Rosen, 896 F.2d 789, 792 (3d Cir.1990) (affirming district court's refusal to consider a Sec. 3553(b) downward departure because the combination of typical factors will not suffice). The essential question, therefore, is whether inability to cooperate due to indigency (a combination of willingness and poverty) qualifies as one of those unusual circumstances, in which case the trial judge's belief that he lacked the discretion to depart would constitute error.
 
 
 11
 The main problem with Jordan's claim is the underlying premise that he had some protectible right or expectancy in having the chance to strike a deal with the government. In fact, the U.S. Attorney's Office could have (but did not) arrange for Jordan's release on personal recognizance, and, as the government points out, a defendant can provide substantial assistance while still incarcerated. Several circuits have recently held that a defendant lacks any right for a sentence to reflect cooperation with the government. See, e.g., United States v. Levy, 904 F.2d 1026, 1035 (6th Cir.1990); United States v. La Guardia, 902 F.2d 1010, 1015 (1st Cir.1990); cf. United States v. Musser, 856 F.2d 1484, 1487 (11th Cir.1988) (rejecting equal protection claim that "minor participants and those of relatively low culpability are without sufficient knowledge to avail themselves of the [substantial assistance] provision"), cert. denied, 489 U.S. 1022 (1989). In other cases involving the indirect effects of indigency on sentencing under the guidelines, courts have rejected similar challenges. See, e.g., United States v. Dyke, 901 F.2d 285, 287-88 (2d Cir.) (court did not have to consider defendant's indigency when increasing his sentence under the guidelines, for committing a federal offense while still under a prior state sentence, where only the payment of costs remained outstanding for that prior sentence), cert. denied, 111 S.Ct. 279 (1990). Jordan made no argument that the amount of his bail was excessive, and his indirect challenge to the resulting pretrial detention is unavailing. See Vasquez v. Cooper, 862 F.2d 250, 252 (10th Cir.1988) ("Even if we assume arguendo that the operation of bail requirements discriminate in effect against indigents, ... Vasquez has not shown that he was denied a benefit due to his impecunity.").
 
 B. Jury Instruction
 
 12
 Jordan argues that he was entitled to an instruction directing each juror to decide the case on his own and not simply give in to the majority's sentiment. We are not told what instruction was used instead; there is some question about whether the defendant properly noted an exception; and appellant cites no authority in his brief (apart from similar model jury instructions from other circuits). This circuit has adopted similar language (arguably even stronger than what the defendant requests here) for use as a supplemental instruction when deliberations stall. See United States v. Dorsey, 865 F.2d 1275, 1278 (D.C.Cir.) (requiring an instruction from the D.C.Std.Crim. Jury Instructions (3d ed. 1978): "do not surrender your honest convictions ... solely because of the opinion of your fellow jurors"), cert. denied, 109 S.Ct. 3257 (1989). There is nothing, however, to indicate that such a warning is required initially. Cf. United States v. North, 910 F.2d 843, 876 (D.C.Cir.1990) (per curiam) ("At the outset, we recognize that as a rule a general instruction on unanimity like the one given in the present case--advising the jury that its members must unanimously agree on any aspect of the case as to which it renders a verdict--protects the defendant's right to a unanimous jury decision."). The trial transcript reveals several statements demonstrating the judge's careful guidance to the jury concerning the process of deliberation.
 
 II. CONCLUSION
 
 13
 Appellant seeks a remand of his sentence because the district court misinterpreted the scope of its discretion as not permitting it to consider willingness to cooperate plus the effect of indigency as a mitigating factor allowing departure under section 3553(b). We find appellant's challenge to the sentencing order unmeritorious, and therefore the conviction and sentence are
 
 
 14
 Affirmed.