989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Brian Augustus PUGH, Defendant-Appellant.
 No. 92-5591.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 3, 1993
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-49)
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Jay P. Lefkowitz, Special Assistant United States Attorney, Washington, D.C., for Appellee.
 S.D.W.Va.
 AFFIRMED
 Before HALL and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Brian Augustus Pugh appeals from the district court's sentence upon his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g) (1988 & Supp. II 1990). Because we find no error in the proceedings below, we affirm.
 
 
 2
 Pugh was charged, via a superseding indictment, with possession of a .38 caliber revolver, in count one, and with possession of a 9 mm pistol, in count two.[1] Pugh pled guilty to the revolver charge, and the Government dismissed the pistol charge. At sentencing the district court inquired, pursuant to Fed. R. Crim. P. 32(a), whether Pugh and his attorney had an opportunity to review the presentence report. Pugh responded that he "understood most of it." Subsequently, upon inquiry by the court, Pugh's counsel stated that he saw no reason to not proceed with sentencing. Pugh had already informed the court that he wished to proceed with sentencing.
 
 
 3
 The district court denied Pugh a reduction in offense level for acceptance of responsibility. Pugh's counsel stated that Pugh accepted his responsibility for the crime, and noted that Pugh was pleading guilty rather than proceeding to trial. The district court already had before it the pre-sentence report. The probation officer stated in the report that the reduction was not merited because Pugh had been uncooperative and refused to allow the standard cooperation paragraph be included in the plea agreement.[2] The officer also noted that Pugh showed no remorse for this or previous crimes. Pugh did not contest the contents of the pre-sentence report.
 
 
 4
 The district court increased Pugh's offense level for the possession of the 9 mm pistols. The court found that possession of the pistols was "relevant conduct" with regard to the offense of conviction, possession of a firearm by a felon. See United States Sentencing Commission, Guidelines Manual, § 1B1.3 (Nov. 1989). The court sentenced Pugh to ninety-six months' imprisonment, followed by three years' supervised release. Pugh timely noted an appeal.
 
 
 5
 Pugh contends on appeal that the district court erred in proceeding with the sentencing after Pugh stated that he understood "most" of the pre-sentence report. However, Pugh's counsel stated that he thought sentencing should proceed. Pugh's counsel did not object to the sentencing proceeding, nor did he suggest that his client did not adequately understand the report. Because there was no objection to the proceeding, Pugh has waived appeal on this matter.[3] United States v. Taylor, 868 F.2d 125, 127 (5th Cir. 1989).
 
 
 6
 Pugh's contention regarding the acceptance of responsibility reduction is also without merit. We review this fact-based decision only for clear error. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). The district court had ample evidence before it that Pugh only accepted responsibility late in the proceedings, was uncooperative in his dealings with the prosecution, and showed no remorse for the crime. The court could properly rely on evidence from the presentence report. United States v. Terry, 916 F.2d 157, 160 (4th Cir. 1990). Having this evidence before it, and considering Pugh's contentions at sentencing, the court did not clearly err in finding that Pugh had not sufficiently accepted responsibility for the crime to warrant a reduction in offense level.
 
 
 7
 Finally, Pugh's allegation that the district court erred in its determination of relevant conduct is frivolous. Pugh admits that he possessed the pistols. Pugh contends, however, that his possession should not be counted because it was dissimilar from his possession of the revolver. Pugh states that he possessed the revolver for his own use and protection, while he possessed the pistols only for sale on the black market. The relevant statute, however, criminalizes the mere possession of a firearm by felons regardless of the purpose for possession. The pistol possession is identical to the conduct for which Pugh was convicted and occurred during the same time period as his possession of the revolver. We review de novo the district court's determination of the applicability of the Guidelines to these facts. Daughtrey, 874 F.2d at 217. The district court did not err in finding that the pistol possession was relevant conduct.
 
 
 8
 Pugh has submitted a supplemental brief raising similar issues to those raised by his counsel. The contentions raised in the supplemental brief are without merit and do not change the inquiries already before the Court. Because the district court did not err in sentencing Pugh, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 During sentencing, evidence was produced that Pugh had actually possessed two 9 mm pistols during the relevant time period
 
 
 [2]
 The probation officer noted that cooperation is not required of defendants, but noted that the lack of cooperation was indicative of Pugh's general attitude toward the proceedings
 
 
 [3]
 Even if the alleged error was not waived, however, Pugh fails to provide any grounds for relief. Technical non-observance of Fed. R. Crim. P. 32 afford no grounds for relief, absent a mistake of constitutional magnitude or an error impugning fundamental fairness. Cf. United States v. Timmreck, 441 U.S. 780, 785 (1979) (mere technical violation of Fed. R. Crim. P. 11 does not warrant relief). Pugh has alleged nothing more than a technical violation, and he has not alleged prejudice