4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank PEREZ-SUAZO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Plinio Arias BAUTISTA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro Rafael Ruiz MEJIA, Defendant-Appellant.
 Nos. 91-5586, 91-5587, 91-5707.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 4, 1993.
Decided: August 30, 1993.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge.
 M. Donald Cardwell, Cardwell, Cardwell & Smoragiewicz, Hartford, Connecticut, for Appellant Bautista;
 Barbara A. H. Smith, Quinlan & Smith, Boston, Massachusetts, for Appellant Mejia;
 Stephen J. Kleeman, Law Offices of Stephen J. Kleeman, Baltimore, Maryland, for Appellant Perez-Suazo.
 James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The defendants, Frank Perez-Suazo, Plinio Arias Bautista and Pedro Rafael Ruiz-Mejia, were convicted of conspiracy to distribute cocaine and to possess cocaine with intent to distribute, 21 U.S.C. Secs. 841(a), 846 (1988). In addition, Perez-Suazo and Bautista were convicted of two counts of distribution of cocaine, 21 U.S.C. Sec. 841(a)(1), and two counts of use of a firearm in relation to a drug trafficking offense, 18 U.S.C. Sec. 924(c) (1988 & West Supp. 1992); Ruiz-Mejia was convicted of three counts each of the same offenses. Bautista and Ruiz-Mejia were also convicted of destruction of property to prevent seizure, 18 U.S.C. Sec. 2232(a) (1988).
 
 
 2
 For the narcotics violations, Perez-Suazo was sentenced to 188 months; Bautista and Ruiz-Mejia were sentenced to 235 months for narcotics violations and destruction of property to prevent seizure. In addition, for the firearms offenses, Perez-Suazo and Bautista were sentenced to 25 years, to run consecutive to the sentence on the drug counts; Ruiz-Mejia was sentenced to 45 years. The defendants appeal their convictions and sentences.
 
 DISCUSSION
 A. Firearms Offenses
 
 3
 All defendants argue that the district court erred in imposing enhanced sentences for the firearms convictions. Title 18, United States Codes, Sec. 924(c)(1) provides, in part:
 
 
 4
 Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years .... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.
 
 
 5
 18 U.S.C. Sec. 924(c)(1) (1988 & West Supp. 1992) (emphasis added). The defendants argue that the language in the statute, "second or subsequent conviction," is ambiguous because "conviction" could be construed to mean either the return of a jury verdict of guilty or the court's final entry of judgment. Based on the rule of lenity, the defendants argue that ambiguities should be resolved in their favor. They claim that because their firearms convictions were not "second or subsequent" to a prior firearms conviction, they are not subject to the mandatory twenty year sentence.
 
 
 6
 The Supreme Court recently settled this question, and the result is not in the defendants' favor.* See Deal v. United States, 113 S. Ct. 1993 (1993). In that case, Deal was convicted of six counts of carrying and using a firearm during and in relation to a crime of violence, pursuant to Sec. 924(c)(1). He was sentenced to five years imprisonment on the first count, and twenty years on each of the other five counts, to run consecutively. The Supreme Court affirmed, holding that "[i]n the context of Sec. 924(c)(1), we think it unambiguous that "conviction" refers to the finding of guilt ... that necessarily precedes the entry of a final judgment of conviction." Id. at 1996. Thus, the enhanced sentence for the second through sixth convictions underSec. 924(c)(1) was not barred even though a judgment had not been entered for the first conviction. See id. at 1999. United States v. Raynor, 939 F.2d 191 (4th Cir. 1991), decided before the Supreme Court's decision in Deal, is consistent. Id. at 193-94 (conviction on second firearms count, although charged in same indictment as first, gives rise to enhanced sentence). Accordingly, the district court did not err in imposing enhanced sentences for the firearms counts.
 
 
 7
 The defendants also raise an argument based on the Double Jeopardy Clause. The argument is not entirely clear, but the defendants appear to claim that imposition of consecutive sentences for the Sec. 924(c)(1) convictions violates Double Jeopardy principles. In the context of this case, the Double Jeopardy Clause protects against the imposition of multiple punishments for the same offense. United States v. Luskin, 926 F.2d 372, 377 (4th Cir.), cert. denied, 112 S. Ct. 68 (1991). Prosecution is barred unless each offense contains an element not contained in the other. United States v. Dixon, 61 U.S.L.W. 4835, 4837 (June 28, 1993) (citing United States v. Blockberger, 284 U.S. 299, 304 (1932)). Here, the predicate counts each contained an element not included in the other, thus, there is no violation of the Double Jeopardy Clause.
 
 B. Sufficiency of the Evidence
 
 8
 Ruiz-Mejia and Perez-Suazo argue that the evidence was insufficient to support their convictions on Count 7 of the indictment, for use of a firearm on June 20, 1990 in relation to a drug trafficking offense. They claim that there is no evidence of firearm use, or of an intent to distribute cocaine.
 
 
 9
 Section 924(c)(1) requires proof that the defendant"use[d] or carrie[d]" a firearm "during and in relation" to a drug trafficking crime. 18 U.S.C. Sec. 924(c)(1). The court reviews the evidence, taking the view most favorable to the government, to determine if substantial evidence supports the guilty verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). The government is entitled to the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).
 
 
 10
 Testimony established that, on June 20, 1990, two firearms were present in the Springdale Avenue apartment, which at that time served as the base for the defendants' drug operation. Bautista was carrying one gun; the other was on the floor in the vicinity of Ruiz-Mejia. There was testimony that Ruiz-Mejia had on previous occasions possessed a firearm, and that firearms were consistently present at each location from which cocaine was distributed. Drug paraphernalia was recovered from the apartment on June 20, 1990. Although there was no testimony that Ruiz-Mejia carried a gun on June 20, "it is enough [under Sec. 924(c)(1) ] if the firearm is present for protection and to facilitate the likelihood of success." United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988); see, e.g., United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991) (Sec. 924(c)(1) conviction upheld where gun is present and accessible, although under mattress, because presence facilitates success of criminal undertaking). Here, there was ample evidence from which the jury could reasonably infer that Ruiz-Mejia carried or used the weapon on June 20, 1990 during and in relation to a drug trafficking crime. Moreover, although Perez-Suazo was not present in the apartment on June 20, his conviction on Counts 6 and 7 is proper based on the Pinkerton rule. See United States v.Chorman, 910 F.2d 102, 111 (4th Cir. 1990) (each member of conspiracy is liable for all acts knowingly committed during course of and in furtherance of conspiracy) (citing United States v. Pinkerton, 328 U.S. 640, 646-47 (1946)); Luskin, 926 F.2d at 376 (upholding Sec. 924(c)(1) convictions when liability based on Pinkerton doctrine).
 
 
 11
 Perez-Suazo argues that the evidence does not support his conviction on Count 3 for use of a firearm on October 26, 1989. The testimony was that, on October 26, 1989, a confidential informant and a government agent went to the Springdale Avenue apartment to purchase cocaine. Perez-Suazo and Ruiz-Mejia were in the apartment. Ruiz-Mejia was walking around the living room, holding a small shotgun. Perez-Suazo led the confidential informant and the government agent into a back bedroom, where he weighed the cocaine and accepted the purchase money. Perez-Suazo argues that he was not carrying a gun, and Ruiz-Mejia's act of holding the gun was a "neutral event" that had no relation to the drug deal. This argument strains credulity. The jury could reasonably infer that Ruiz-Mejia was providing security for the deal, and thus Perez-Suazo was using the firearm in relation to the drug sale.
 
 C. Obstruction of Justice
 
 12
 Ruiz-Mejia and Bautista claim the two level adjustment for obstruction of justice was improper under the Double Jeopardy Clause and the United States Sentencing Guidelines.
 
 
 13
 The district judge found the adjustment was properly based on the defendants' conviction on count 8, destruction of evidence to prevent seizure. The supporting evidence was that when the police entered the apartment on June 20, 1990, Ruiz-Mejia attempted to destroy the cocaine by dropping it in buckets of water.
 
 
 14
 Ruiz-Mejia and Bautista claim the Double Jeopardy Clause is violated because the adjustment was in addition to the sentence imposed for destruction of property. The defendants are mistaken. The guidelines provide that a base offense level shall be increased by two points for obstruction of justice. U.S.S.G. Sec. 3C1.1. The commentary note explains how the guideline is to be applied:
 
 
 15
 Where the defendant is convicted both of the obstruction offense and the underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of Sec. 3D1.2 (Groups of Closely-Related Counts). The offense level for that group of closely-related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater.
 
 
 16
 U.S.S.G. Sec. 3C1.1, application note 6. In this case, the offense level for the underlying drug offenses yielded a greater result than the offense level for destroying property to prevent seizure; therefore, the offense level for the underlying offenses was increased by two levels for obstruction of justice. No double counting occurred, and the Double Jeopardy Clause is not implicated.
 
 
 17
 The defendants also argue that the guideline requirements for obstruction of justice are not satisfied because there was no "material hindrance" to the investigation. U.S.S.G. Sec. 3C1.1, application note 3(d). No argument concerning lack of "material hindrance" was raised before the district court. In the absence of plain error, sentencing errors cannot be raised for the first time on appeal. See United States v. Davis, 954 F.2d 182, 186-87 (4th Cir. 1992); United States v. Taylor, 868 F.2d 125, 127 (5th Cir. 1989); Fed. R. Crim. P. 52(b). There is no plain error in this situation. See United States v. Lopez, 923 F.2d 47, 50 (5th Cir.) (questions of fact capable of resolution by district court upon proper objection never constitute plain error), cert. denied, 111 S.Ct. 2032 (1991).
 
 D. Demeanor of Trial Judge
 
 18
 Bautista argues that the trial judge interfered in the examination of witnesses and criticized his attorney in the presence of the jury. He claims prejudice. The transcript does not reveal any improprieties by the trial judge.
 
 CONCLUSION
 
 19
 For the foregoing reasons, the convictions and sentences are
 
 
 20
 AFFIRMED.
 
 
 
 *
 After oral argument, this court placed the case in abeyance, pending the Supreme Court's decision in Deal