**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tammy Diane BAKER,**
**Defendant–Appellant.**

**No. 88–1833**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1989.

**14**

Phil Robertson (court-appointed), Clifton, Tex., for defendant-appellant.

LeRoy M. Jahn, Michael R. Hardy, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before REAVLEY, JONES, and DUHE, Circuit Judges.

PER CURIAM:

Defendant-appellant Tammy Diane Baker was indicted for 1) manufacture of methamphetamine, 2) conspiracy to manufacture and to possess with intent to distribute methamphetamine, and 3) use of a firearm during the commission of a felony. Baker pleaded guilty to counts 1 and 2, in exchange for the dismissal of count 3. She appeals her sentence under the guidelines. Finding no error, we affirm.

Authorities arrested Baker and several others for manufacturing methamphetamine. Officials seized approximately 11 pounds of finished methamphetamine powder and forty pounds of a liquid containing between 1% and 23% methamphetamine. Although most of the liquid was waste material, the weight of the whole solution was used in calculating the weight of the drugs.

The base offense level was 36, based on 26.84 kilograms of methamphetamine. This base offense level was increased for possession of a firearm, and decreased for her minimal to minor role and acceptance of responsibility. The total offense level was 33, with a range of 135 to 168 months' imprisonment. Baker was sentenced to 135 months.

*Constitutionality.* Baker's constitutional challenges to the sentencing guidelines are foreclosed by *Mistretta v. U.S.,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); and *U.S. v. White,* 869 F.2d 822 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989).

*Drug quantity.* Baker contends that the district court erred in its application of the sentencing guidelines when it used the total weight of the liquid methamphetamine in calculating her base offense level.[1] Baker argues that the guideline's mandated use of the total solution weight of a controlled substance to set the base offense level creates a disparity among offenders,

---

**1.** Base offense levels for drug offenses are determined from the Drug Quantity Table following section 2D1.1.

   Consistent with the provisions of the Anti–Drug Abuse Act, if any mixture of a compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.

Note following Drug Quantity Table, Guidelines sec. 2D1.1.

contrary to the intent of Congress, the purpose of the Sentence Commission, and the equal protection clause of the Fifth Amendment.

■ A district court in determining a sentence should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. sec. 3553(a)(6). *See also* 28 U.S.C. sec. 991(b)(1)(B) (one purpose of the sentencing commission is to avoid unwarranted sentencing disparities among those guilty of similar crimes).

In *U.S. v. Taylor*, 868 F.2d 125, 127–128 (5th Cir.1989), this Court held that sentencing according to the total weight of the substance containing a detectable amount of drug was proper, even though the weight of the distribution medium was generally heavier than the weight of the drug itself.

Appellants in *U.S. v. White*, 869 F.2d 822, argued similarly that the guidelines were illegal because the Commission violated the statutory mandate of the Sentencing Reform Act of 1984 by creating guidelines which compute a defendant's criminal history in a manner that perpetuates rather than avoids sentencing disparities. This Court rejected the argument as follows:

> ... [T]he 'construction given to a statute by those charged with its administration is entitled to great deference.' * * * Congress ... granted broad authority guided by specific goals and principles. A review of the Commission's policy statements reveals the high degree of study and deliberation with which the Commission undertook their task of following the congressional directive. * * * In light of such well-reasoned statutory interpretation and implementation, we find that the Commission acted well within its broad grant of authority and pursuant to congressional goals and principles.

*U.S. v. White*, 869 F.2d at 826–27 (citations omitted).

In choosing to use the quantity rather than the purity of the controlled substance, the Commission sought to implement Congress's directive embodied in the Anti–Drug Abuse Act, imposing sentences based on quantity rather than purity. For the manufacturing count, for example, the statute imposes a 10–year to life sentence for a violation involving "100 grams or more of *a mixture or substance containing a detectable amount* of methamphetamine." 21 U.S.C. sec. 841(b)(1)(A)(viii) (emphasis added). Congress has repeatedly classified controlled substances without reference to purity. *See, e.g.,* 21 U.S.C. sec. 812 and Schedules. The guidelines' method of determining the base level offense by reference to the total weight of the mixture in which the methamphetamine is found does not violate explicit statutory directive and it adequately accomplishes Congress's purposes.

To minimize the risk of disparity, the guidelines allow an upward departure if the mixture is of unusually high purity. Sec. 2D1.1, Comment., appl. n. 9. Furthermore, the flexibility of the guidelines permits the sentencing judge to consider drug purity when deciding where within the guideline range to sentence a defendant. Therefore Baker's argument that the manufacturer caught with finished methamphetamine would necessarily receive a lesser sentence than one arrested with the same amount in solution (of much less purity) is without merit.

■ Baker also asserts an equal protection violation, but does not describe any invidious discrimination against her. The sentencing scheme does not violate equal protection, because it is reasonably related to the legitimate governmental interest of more severely punishing large-volume drug dealers. This scant reference in her brief, unsupported by argument or authority, merits no further consideration. *See* Fed. R.App.Proc. 28(a)(4).

■ *Firearm enhancement.* The count charging Baker with use of a firearm during commission of a felony was dismissed as part of her plea. Baker argues that the enhancement of her sentence for possession of a firearm during the commision of an offense transforms the firearm posses-

sion into an element of the offense of conviction; she was effectively sentenced for an "aggravated" drug offense without notice in the indictment, in violation of the Sixth Amendment. A challenge to the indictment may be raised at any time. Fed. R.Cr.Proc. 12(b)(2); *U.S. v. Meacham*, 626 F.2d 503, 509 (5th Cir.1980).

The sentencing guidelines specify that all acts committed by the defendant that occurred during the commission of the offense may affect the determination of a specific offence characteristic; they also provide for a two-point increase of the specific offense characteristic if the defendant possessed a firearm during commission of the crime. Secs. 2D1.1(b) and 1B1.3(a)(1). "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons." Comment. Appl. n. 3, Guidelines sec. 2D1.1. It does not add any additional element to the crime.

Visible possession of a firearm may be treated as a sentencing consideration rather than an element of a particular offense. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986). "[W]e have consistently approved sentencing schemes that mandate consideration of facts related to the crime...." *McMillan*, 477 U.S. at 92, 106 S.Ct. at 2419; *see also Roussell v. Jeane*, 842 F.2d 1512, 1523–24 (5th Cir.1988).

The indictment, which properly tracked statutory language, was not required to incorporate this sentencing provision. *See Buckley v. Butler*, 825 F.2d 895, 903 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988).

For the foregoing reasons, Baker's sentence is

AFFIRMED.