900 F.2d 257
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony Steven STONE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patsy Ann Dunn HOLLIDAY, Defendant-Appellant.
 Nos. 89-5562, 89-5571.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 8, 1989.
Decided: March 29, 1990.
Rehearing Denied April 27, 1990.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-88-125-D)
 James B. Craven, III, Durham, N.C.; David Avrum Elden, Los Angeles, Cal., for appellants.
 Benjamin H. White, Jr., Assistant United States Attorney, Greensboro, N.C., for appellee.
 Robert H. Edmunds, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellants, Tony Steven Stone and Patsy Ann Dunn Holliday, were charged in count one of the indictment against them with conspiracy to distribute large quantities of Dilaudid (a morphine-like prescription drug) and Diazepam (generic Valium), in violation of 21 U.S.C. Secs. 841(b)(1)(c), 843(b)(2), and 846. Upon a plea of guilty, Stone was sentenced to 27 months' imprisonment and Holliday to 33 months' imprisonment. Each appellant now appeals, as excessive and unconstitutional, the length of the sentence imposed. We affirm.
 
 I.
 
 2
 Patsy Holliday, a pharmacist at a Veteran's Administration hospital in Los Angeles, stole quantities of Dilaudid (a highly addictive painkiller) and Diazepam from her employer and shipped them via the United States mails to Tony Stone for sale and distribution in North Carolina. This enterprise continued between November of 1985 and January of 1988 when federal officials seized two parcels containing 20,000 tablets of Diazepam and 231 tablets of Dilaudid.
 
 
 3
 During the sentencing phase of this proceeding, argument ensued about both the dosage of the factory packaged pharmaceutical drugs and the applicability of the drug quantity table in Section 2D1.1 of the Federal Sentencing Guidelines, 18 U.S.C.A.App., a footnote to which explains:
 
 
 4
 Consistent with the provisions of the Anti-Drug Abuse Act, if any mixture of a compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.
 
 
 5
 The appellants contend that it was error for the district court to determine the appropriate offense level based on the gross weight of the drugs seized but rather should only consider the actual weight of the Diazepam and Dilaudid contained in each tablet. This argument was rejected by the district court, and the sentence was calculated pursuant to Section 2D1.1 of the Guidelines based on the gross weight of the seized narcotics, even though the weight of the inert distribution medium was heavier than the narcotic itself.
 
 
 6
 In United States v. Daly, 883 F.2d 313 (4th Cir.1989), the question of whether under Section 2D1.1 a sentence should be calculated on the basis of the weight of the drug itself and the carrier medium was considered. The Daly court held that under the plain language of the Anti-Drug Abuse Act, specifically 21 U.S.C. Sec. 841, and the Sentencing Guidelines, the combined gross weight of the narcotic (in that case lysergic acid diethylamide (LSD)) and any carrier mediums may be used for the purpose of determining base offense levels under Section 2D1.1. Other courts have agreed. In United States v. Taylor, 868 F.2d 125, 127-28 (5th Cir.1989), the Fifth Circuit held that sentencing according to the total weight of the substance containing a detectable amount of narcotic was proper, even though the weight of the distribution medium was generally heavier than the weight of the drug itself. We now decline to depart from such a ruling and affirm the sentence imposed by the district court.
 
 II.
 
 7
 There are three further contentions set forth by the appellants that we now address briefly. The first is that the Sentencing Guidelines violate the due process clause of the Fifth Amendment. This court has rejected the very constitutional challenge here made. See United States v. Bolding, 876 F.2d 21 (4th Cir.1989).
 
 
 8
 Next, the appellants contend that because of the relatively low purity of the narcotics seized, a downward departure from the Guidelines was mandated in this case. Congress has long classified controlled substances without reference to purity. See 21 U.S.C. Sec. 812. The Guidelines, as promulgated in compliance with this long-standing practice, contemplate no downward departure on the basis of low drug purity. Now to read into the statute and allow for such an adjustment would result in an impermissible departure from the sentencing philosophy embodied in Section 2D1.1--to avoid unwarranted sentencing disparities among those guilty of similar crimes. See United States v. Daly, supra; United States v. Baker, 883 F.2d 13, 15 (5th Cir.1989).
 
 
 9
 Finally, appellant Stone contends that his sentence violated the terms of his plea agreement. In that agreement, both parties stipulated that any active federal time imposed would run concurrently with the three-year state sentence that the appellant was serving at the time of the agreement. However, before the imposition of his federal sentence, appellant was paroled due to prison over-crowding, having served only 173 days in the state penitentiary. Accordingly, when sentencing the appellant, the district court reduced the federal sentence by six months (the equivalent 173 days). We find that such a departure comported with the provisions of the plea agreement.
 
 III.
 
 10
 For the reasons set forth herein, the judgments of conviction of the appellants are hereby
 
 
 11
 AFFIRMED.