**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles H. LARSEN and Faye L. Brennan, Defendants–Appellants.**

**Nos. 89–8031, 89–8032.**

United States Court of Appeals, Tenth Circuit.

June 4, 1990.

Susan L. Foreman, Asst. Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the brief), Denver, Colo., for defendants-appellants.

Charles H. Larsen and Faye L. Brennan, also filed a brief pro se.

Maynard D. Grant, Sp. Asst., U.S. Atty. (Richard A. Stacy, U.S. Atty., and John R. Green, Asst. U.S. Atty., with him on the brief), D.Wyo., Cheyenne, Wyo., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and LOGAN and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendants, Charles H. Larsen and Faye L. Brennan, appeal the district court's denial of their motions pursuant to Fed.R. Crim.P. 35(a), to correct the sentences imposed upon them. Both defendants pleaded guilty in federal court to single counts of distribution of lysergic acid diethylamide (LSD), in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Both were sentenced under 21 U.S.C. § 841(b)(1)(B)(v), which requires a five-year minimum sentence when "1 gram

or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD)" is involved. The amount involved in the transactions to which defendants pleaded was approximately 200 doses or "hits" sold to an undercover police officer for $550.

Apparently each of these "hits," if the LSD is measured alone, weighs about 0.1 milligram, thus requiring approximately 10,000 "hits" to add up to one gram. The substance was sold, however, with individual drops absorbed or spotted on blotter paper. The blotter paper containing the LSD was included in the 1.22 gram total used in establishing the sentences; the weight of only the LSD would be approximately 20 milligrams and far below the one gram requiring a minimum five-year sentence.

The single issue on this appeal is whether the district court erred in including the weight of the blotter paper in calculating the quantity to invoke the five-year minimum sentence. Defendants argue that the district court misapplied the mandatory minimum sentence provision by including the weight of the blotter paper, arguing (1) that the blotter paper is packaging material and not a "mixture or substance" containing LSD within the meaning of § 841(b)(1)(B)(v), (2) that the legislative history of the statute indicates congressional intent to apply the five-year minimum sentence only to major traffickers dealing in larger quantities than are involved here, and (3) that the statutory phrasing of the mandatory sentence section is unconstitutionally vague as applied.

These arguments have been considered directly by five United States circuit courts. *United States v. Elrod*, 898 F.2d 60, 61–63 (6th Cir.1990); *United States v. Bishop*, 894 F.2d 981, 985–86 (8th Cir.1990); *United States v. Daly*, 883 F.2d 313, 316–18 (4th Cir.1989), *petition for cert. filed*, No. 89–6872 (U.S. March 5, 1990); *United States v. Rose*, 881 F.2d 386, 388–89 (7th Cir.1989); *United States v. Taylor*, 868 F.2d 125, 127–28 (5th Cir.1989). *See also United States v. Marshall*, 706 F.Supp. 650, 652–54 (C.D.Ill.1989). All of these courts have upheld weighing the blotter

paper on which the LSD is carried in the calculation under § 841(b)(1)(B)(v). These cases have discussed and rejected all of the arguments presented to us in this case. The best argument for a contrary result is made in the only district court opinion holding that the blotter paper should not be included in the calculation, *see United States v. Healy*, 729 F.Supp. 140 (D.D.C. 1990). We can add little to the debate or to the analyses of those other courts, therefore we make no attempt to do so.

We conclude, in agreement with all of the other circuit-level decisions, that the weight of the blotter paper was properly considered under the enhanced penalty provisions of § 841(b)(1)(B)(v), especially because blotter paper is often ingested with the LSD, and is one of the most commonly used carrier mediums for LSD, as well as one of the least weighty. We do not have before us an absurd fact situation such as a hit of LSD placed on a two-pound brick. We will deal with the unusual situation when it comes before us. Like most other courts that have considered the matter, we believe that Congress knew that distributors like defendants would be faced with the enhanced sentencing provision and intended it to apply in circumstances like that before us.

AFFIRMED.