**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Lee CALLIHAN,
Defendant–Appellant.**

No. 89–7085.

United States Court of Appeals,
Tenth Circuit.

Oct. 12, 1990.

Roger Hilfiger and Sheldon J. Sperling, Muskogee, Okl., for plaintiff-appellee.

Don Ed Payne, Payne and Welch, Hugo, Okl., for defendant-appellant.

Before HOLLOWAY, Chief Judge, and SEYMOUR and ANDERSON, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R.

---

34.1.9. The cause is therefore ordered submitted without oral argument.

Larry Lee Callihan challenges the sentence he received after pleading guilty to conspiring to manufacture, possess with intent to distribute, and distribute amphetamine, in violation of 21 U.S.C. § 846. At the time of his arrest, 94 kilograms of phenalytic acid, sodium acetate, acetic anhydride, and phenyl–2–propanone were seized. These chemicals, when heated under proper conditions, produce phenyl–2–propanone ("P2P"), a precursor of amphetamine and a controlled substance. Testimony at the sentencing hearing revealed that the amount of P2P actually present in the seized mixture was 2.95 kilograms.

The district court determined the appropriate sentencing range based upon 94 kilograms of P2P. This resulted in an offense level of thirty-four. *See* United States Sentencing Comm'n, *Guidelines Manual* § 2D1.1, comment. (n. 10) (Oct. 1987). Callihan, who was sentenced to one hundred and twenty months in prison, contends that the sentence should instead have been based on 2.95 kilograms, which would have resulted in an offense level of twenty-six. *See id.* The maximum sentence with that offense level would have been fifty-seven months.

Whether the district court was correct depends upon the interpretation of a footnote to the drug quantity table accompanying section 2D1.1 of the guidelines:

> The scale amounts for all controlled substances refer to the total weight of the controlled substance. Consistent with the provisions of the Anti–Drug Abuse Act, if any mixture or compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.

U.S.S.G. § 2D1.1, table n. * (Oct. 1987). Callihan contends that "the total weight of the controlled substance" was 2.95 kilograms, and that the second sentence of the footnote means only that the controlled substance found in "the entire amount," instead of part of the amount, of a mixture or compound containing the controlled substance is the scale weight.

We disagree. The footnote meant what it said: that the scale weight of a mixture or compound containing a controlled substance is the entire amount of the mixture or compound. *United States v. McKeever*, 906 F.2d 129, 133 (5th Cir.1990); *United States v. Meitinger*, 901 F.2d 27, 29 & n. 1 (4th Cir.1990); *United States v. Murphy*, 899 F.2d 714, 717 (8th Cir.1990); *United States v. Williams*, 894 F.2d 208, 215 (6th Cir.1990); *see also United States v. Larsen*, 904 F.2d 562, 563 (10th Cir.1990) (holding that "mixture or compound" in 21 U.S.C. § 841 includes the agent carrying the controlled substance).

We reject Callihan's suggestion that the fact that the footnote has been rewritten to state that "the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance," U.S.S.G. § 2D1.1, table n. * (Nov. 1989), shows that the note formerly had a different meaning. The revised footnote merely states more efficiently the content of its predecessor.

The judgment of the district court is AFFIRMED.