UNITED STATES of America,
Plaintiff–Appellee,

v.

Tony Dean LEAZENBY,
Defendant–Appellant.

No. 90–8089.

United States Court of Appeals,
Tenth Circuit.

June 18, 1991.

SUBMITTED ON THE BRIEFS: *

Lawrence J. Wolfe, Holland & Hart, Cheyenne, Wyo., for defendant-appellant.

Richard A. Stacy, U.S. Atty., and David A. Kubichek, Asst. U.S. Atty., D. Wyo., Cheyenne, Wyo., for plaintiff-appellee.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

It is now settled that the weight of the carrier medium—in this case blotter paper impregnated with lysergic acid diethylamide (LSD)—is "included when determining the appropriate sentence for trafficking in LSD." *Chapman v. United States,* — U.S. —, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524 (1991); *see United States v. Larsen,* 904 F.2d 562 (10th Cir.1990). *Chapman* and *Larsen* keyed on the provisions of 21 U.S.C. §§ 841(b)(1)(A)(v) and (B)(v) which impose minimum and maximum sentences based upon specified weights of a "mixture or substance" containing a detectable amount of LSD.[1] Subparagraph (C) of § 841(b)(1), which includes violations involving less than one gram of LSD, does not contain the "mixture or substance" language of (A)(v) and (B)(v).[2] The question

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

1. Section 841(b) states, in pertinent part:
   (b) Penalties
   Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
   (1)(A) In the case of a violation of subsection (a) of this section involving—
   (v) 10 grams or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);

   (B) In the case of a violation of subsection (a) of this section involving—
   (v) 1 gram or more of a mixture or substance containing a detectable amount of lysergic acid diethylamide (LSD);
   21 U.S.C. § 841(b)(1)(A)(v), (B)(v).

2. (C) In the case of a controlled substance in schedule I or II except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years....
   21 U.S.C. § 841(b)(1)(C).

posed to us in this case is whether the omission of "mixture or substance" language in § 841(b)(1)(C) means that the weight of blotter paper carrying LSD may not be included in determining the sentence for trafficking in LSD in quantities insufficient to fall within § 841(b)(1)(A)(v) and (B)(v). Because the United States Sentencing Commission Guidelines Manual (1990) ("U.S.S.G." or "Sentencing Guidelines") applies the "mixture or substance" language to all quantities of LSD in determining the base offense level for sentencing purposes, U.S.S.G. § 2D1.1(c) n.*, we hold that the weight of the blotter paper carrying the LSD is properly included, and affirm the sentence imposed on the defendant by the district court.

Tony Dean Leazenby pled guilty to knowingly and intentionally distributing LSD, specifically 40 dosage units carried in blotter papers, in violation of 21 U.S.C. § 841(a)(1). The drug and blotter paper combined weighed .24 grams (240 mg.). The parties agree for purposes of this case that the drug alone weighed 2 mg. *See* U.S.S.G. § 2D1.1, comment. (n. 11) (typical weight per unit of LSD, without regard to the mixture or substance with which it is combined, is .05 mg.). The combined weight of the drug and blotter paper established an offense level of 18. U.S.S.G. § 2D1.1(c)(13). The offense level was reduced to 16 for defendant's acceptance of responsibility. U.S.S.G. § 3E1.1. Based upon Leazenby's criminal history category of III, the resulting sentencing range was 27 to 33 months. Leazenby was sentenced to 27 months in prison. The Sentencing Guidelines would have yielded a possible sentence of 15 to 21 months if the weight of the drug alone had been used.

Leazenby argues that Congress has not expressed an intent to include the weight of the blotter paper carrier in determining punishment for defendants "charged" under 21 U.S.C. § 841(b)(1)(C) and § 812(c)–Schedule I(c). That is so he argues because the substance of the provisions now contained in subparagraph (C) of § 841(b)(1) was enacted into law as part of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84

Stat. 1236, whereas it was not until 1986 that "Congress adopted a 'market-oriented' approach to punishing drug trafficking, under which the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence." *Chapman v. United States*, —— U.S. at ——, 111 S.Ct. at 1925 (referring to the Anti–Drug Abuse Act of 1986, Pub.L. 99–570, 100 Stat. 3207). The 1986 Act added subparagraphs (A) and (B), and reenacted former subparagraph (A) as (C), Pub.L. 99–570, § 1002, but did not insert in subparagraph (C) the "mixture or substance" language contained in subparagraphs (A) and (B). Leazenby argues that "because the statute under which [he] is charged is silent on the question of whether the weight of the drug includes the blotter paper, the law should be construed in his favor and the weight of the drug alone considered for sentencing under this statute for purposes of the Guidelines." Appellant's Brief at 5.

That misconceives the point. Leazenby was not "charged" under section (b)(1)(C). He was charged for violating 21 U.S.C. § 841(a)(1). And, he was not sentenced under § 841(b)(1)(C). He was sentenced pursuant to the Sentencing Guidelines. Section 841(b) sets only minimum and maximum punishments, none of which apply here. It does not otherwise affect the Sentencing Guidelines.

The Sentencing Guidelines require the carrier medium to be used in determining the weight of LSD for offense level purposes. Footnote * to the Drug Quantity Table of U.S.S.G. 2D1.1(c) states: "Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Application Note 1 to § 2D1.1 states that the term "mixture or substance" has the same meaning as in 21 U.S.C. § 841, and that meaning, as *Chapman* makes clear, includes the weight of the carrier medium. "None of the references to purity in the guidelines makes sense if the weights in the statute deal with pure drugs to start

with." *United States v. Marshall*, 908 F.2d 1312, 1319 (7th Cir.1990) (en banc), *aff'd sub nom. Chapman v. United States*, — U.S. ——, 111 S.Ct. 1919, 114 L.Ed.2d 524. Finally, it is undisputed that the sentencing court must apply "the offense level specified in the Drug Quantity Table," U.S. S.G. § 2D1.1(a)(3), with exceptions not relevant here.

The proper question here is whether the Sentencing Guidelines include the weight of the carrier medium with which LSD is combined—here, blotter paper—in determining the base offense level. In view of the Supreme Court's decision in *Chapman*, and the clear language of the Sentencing Guidelines we hold that the weight of the carrier medium is included. The judgment of the district court is AFFIRMED.