**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arnoldo Payan VASQUEZ,
Defendant–Appellant.**

No. 91–8321.

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1992.

Robert V. Garcia, Jr., Odessa, Tex., for defendant-appellant.

Alia Moses Ludlum, LeRoy M. Jahn, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ and SMITH, Circuit Judges, and FITZWATER *, District Judge.

JERRY E. SMITH, Circuit Judge:

## I.

On December 13, 1990, Defendant Vasquez imported a quantity of marihuana from Mexico. Customs agents apprehended him at the border. Vasquez pleaded guilty to a violation of 21 U.S.C. § 952(a), which makes it a crime to import a controlled substance, and 21 U.S.C. § 960(a)(1), which also prohibits importation of a controlled substance.

The pre-sentence investigation report (PSI) reflected that the weight of the marihuana was 22.7 kilograms. At sentencing, Vasquez was assigned a base offense level of 18 for importing between 20 and 50 kilograms. The district court found that this weight included certain portions of the marihuana plant that are not included in the definition of "marihuana" under 21 U.S.C. § 802(16).[1] Vasquez contends that excluding the mature stalks, fibers, and seeds incapable of germinating, the weight of the marihuana would have been less than 19 kilograms. This weight would yield a base offense level of 16 under the guidelines.

Vasquez appeals the inclusion of the weight of all the portions of the marihuana plant in calculating his sentence. Because there was no error in using the total weight of the marihuana in calculating the sentence, we affirm.

## II.

The statutory penalties for importation of controlled substances are laid out in 21 U.S.C. § 960(b). The relevant portion reads, "In the case of a violation under subsection (a) of this section with respect to less than 50 kilograms of marihuana, ... the person committing such violation shall be imprisoned not more than five years." 21 U.S.C. § 960(b)(4) (West Supp.1991). For purposes of determining a violation of this statute, the marihuana is weighed excluding the mature stalks, fibers, and non-germinating seeds. 21 U.S.C. § 802(16).

The sentencing guidelines, however, calculate the sentencing range using the total weight of the marihuana, i.e., including the stalks, fibers, and seeds. The weight of a controlled substance for sentencing purposes is to be determined by "the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1 note *.[2] Under U.S.S.G. § 2D1.1(c)(13), the base offense level is 18 for an offense involving "at least 20 KG but less than 40 KG of marihuana." If the offense involves more than 10 kilograms but less than 20, the base offense level is 16. U.S.S.G. § 2D1.1(c)(14).

Vasquez correctly points out that the weight of the stalks, fibers, and seeds may not be included in the calculation of weight for purposes of *conviction* under 21 U.S.C. § 960(b)(4).[3] However, whether the marihuana weighed 22 or 18 kilograms, the statutory penalty is the same: less than five years' imprisonment. Vasquez was

---

* District Judge of the Northern District of Texas, sitting by designation.

1. There is some dispute about the district court's finding. For purposes of this appeal, we assume Vasquez's version of this finding.

2. We have relied repeatedly upon this note to affirm sentences for other controlled substances that are calculated on the basis of the weights of mixtures containing only a detectible amount of the controlled substances. *E.g., United States v. Butler*, 895 F.2d 1016, 1018 (5th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990) (weight of "lye water" properly added to weight of methamphetamine); *United States*

*v. Taylor*, 868 F.2d 125, 127–28 (5th Cir.1989) (weight of distribution medium paper properly added to weight of LSD). *See also United States v. Baker*, 883 F.2d 13, 15 (5th Cir.), *cert. denied,* 493 U.S. 983, 110 S.Ct. 517, 107 L.Ed.2d 518 (1989) (total weight of liquid methamphetamine properly used to calculate sentence).

3. The subsections governing importation of larger quantities of marihuana provide for determination of the weight of any mixture or substance containing marihuana. The subsection under which Vasquez was convicted does not contain this language.

sentenced to 37 months, well within the five-year limit.[4]

The guideline note instructing district courts to consider total weight is not in conflict with the statute that punishes according to net weight. A sentencing court may consider evidence at sentencing that may not be considered in determining guilt. *United States v. Singleton*, 946 F.2d 23, 26 (5th Cir.1991). Therefore, the sentencing guideline is not in conflict with the statute.

AFFIRMED.

---

**4.** The parties do not dispute that Vasquez's criminal history category was II. He was sentenced within the range applicable to an offense level of 18 and a criminal history category of II.