956 F.2d 279
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sedrick Dean HOOD, Defendant-Appellant.
 No. 91-2216.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Sedrick Hood appeals the sentence imposed upon him by the district court after his guilty plea to conspiracy to manufacture and distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The only issue on appeal is whether the trial court erred in considering what defendant contends is waste material or a byproduct of a drug manufacturing process in determining his offense level under U.S.S.G. § 2D1.1. The material at issue is liquid in a jar that was in a microwave oven at defendant's residence where he was manufacturing crack cocaine by heating and adding baking soda. See IV R. 2-3. Apparently the search of the residence was at a time defendant was in the process of manufacturing crack cocaine; there was approximately sixty-five grams of solid material in a form that was usable for sale and the remainder was liquid containing some small amount of cocaine base. Id. at 3. Defendant asserts that the liquid was waste product of the manufacturing process which would have been discarded. It appears that the cooking process was not entirely complete at the time the material was seized, although that is not clear from the sparse record.
 
 
 3
 We cannot meaningfully distinguish the situation in this case from that in other decisions of this court in which we have held the net weight of the entire mixture containing a detectable amount of a controlled substance is properly used in determining the sentence. See United States v. Dorrough, 927 F.2d 498, 502 (10th Cir.1991) (proper weight of mixture may include waste products of the process); United States v. Callihan, 915 F.2d 1462 (10th Cir.1990); United States v. Larsen, 904 F.2d 562 (10th Cir.1990), cert. denied, 111 S.Ct. 2800 (1991); see also United States v. Baker, 883 F.2d 13, 14-15 (5th Cir.) (proper to weigh whole solution including methamphetamine and waste material), cert. denied, 493 U.S. 983 (1989); United States v. Lopez-Gil, No. 90-2059, 1992 WL 764 (1st Cir.1992) (proper to weigh suitcase made of fiberglass-cocaine mixture). But see United States v. Jennings, 945 F.2d 129, 135-37 (6th Cir.1991) (rejecting Callihan and Baker); United States v. Rolande-Gabriel, 938 F.2d 1231 (11th Cir.1991) (weight of liquid waste carrier medium used with cocaine must be excluded from sentence determination). Although none of our cases involved cocaine base, factually Callihan is close. There ninety-four kilograms of a chemical mixture used in the manufacture of amphetamine were seized, but only 2.95 kilograms of the controlled substance was present in the mixture. All ninety-four kilograms were used to calculate defendant's sentence under U.S.S.G. § 2D1.1. In the instant case defendant does not deny that there were detectable amounts of cocaine base in the liquid substance.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3