No. 91–7169. FOWNER *v.* UNITED STATES. C. A. 10th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This case presents the question whether the weight of uningestible waste material should be included in calculating the weight of a "mixture or substance" containing a detectable amount of a controlled substance for purposes of §2D1.1 of the United States Sentencing Commission, Guidelines Manual (Nov. 1992). Petitioner was arrested in possession of 79.7 grams of methamphetamine, as well as approximately 24 gallons of a liquid mixture containing detectable amounts of a controlled substance. At trial, an expert testified that the liquid was a waste byproduct of methamphetamine manufacturing. Petitioner claims that his sentence should not have been based on the entire weight of the 24 gallons of liquid because it is an uningestable waste. In the decision below, the Court of Appeals for the Tenth Circuit held that it was unnecessary to make a determination whether the liquid was waste and intended to be discarded. Following Tenth Circuit precedent, the Court of Appeals held that so long as the liquid contained a detectable amount of a controlled substance, its entire weight was properly included in the calculation of the defendant's sentence under the Guidelines. See also *United States* v. *Dorrough*, 927 F. 2d 498 (CA10 1991); *United States* v. *Callihan*, 915 F. 2d 1462, 1463 (CA10 1990).

Several Courts of Appeals have followed a different rationale, holding that sentencing calculations may not be based on the total weight of mixtures containing uningestable "waste" material. In *United States* v. *Rolande-Gabriel*, 938 F. 2d 1231 (CA11 1991), the defendant had been arrested in possession of a liquid substance containing cocaine base, a cutting agent, and liquid waste. The Court of Appeals there noted that the liquid waste did not facilitate the use, marketing, or access of the drug, and concluded that its use in sentencing calculations was irrational. *Id.*, at 1237. The Court of Appeals therefore held that the weight of unusable waste material should not be used for sentencing purposes. Similarly, in *United States* v. *Jennings*, 945 F. 2d 129 (1991), the Court of Appeals for the Sixth Circuit ruled that it would be inappropriate to sentence defendants on the basis of the entire weight of an undistributable methamphetamine "cooking" mixture containing a small amount of methamphetamine mixed with poisonous unreacted chemicals and byproducts. See also *United States* v. *Touby*, 909 F. 2d 759, 773 (CA3 1990) (suggesting that, while weight of cutting ingredients may properly be included in sentencing calculation, weight of unconsumable manufacturing byproducts may not), aff'd on other grounds, 500 U. S. 160 (1991).

Several other Courts of Appeals, like the court below, have taken a contrary approach. In *United States* v. *Mahecha-Onofre*, 936 F. 2d 623 (CA1), cert. denied, 502 U. S. 1009 (1991), cocaine had been chemically bonded to the acrylic material of which two suitcases were constructed. When calculating the defendant's sentence, the District Court included the total weight of the suitcases, minus all metal parts. 936 F. 2d, at 625. The Court of Appeals noted that, unlike blotter paper or cutting agents, the suitcase material obviously could not be consumed and that the cocaine had to be separated from the suitcase material before it could be used; however, the court held, this distinction did not make a difference for sentencing purposes. *Id.*, at 626. Similarly, in *United States* v. *Beltran-Felix*, 934 F. 2d 1075 (1991), cert. denied, 502 U. S. 1065 (1991), the Court of Appeals for the Ninth Circuit held that, for purposes of sentencing under 21 U. S. C. § 841(b)(1)(B), a solution containing methamphetamine need not be a "marketable mixture" in a distributable state. In *United States* v. *Baker*, 883 F. 2d 13 (1989), the Court of Appeals for the Fifth Circuit followed an analogous course. Although most of a liquid containing methamphetamine was waste material,

the Court of Appeals upheld the use of the weight of the whole solution for sentencing purposes. *Id.*, at 14, 15.

The issue is a recurring one. Because of the conflict, identical conduct in violation of the same federal laws may give rise to widely disparate sentences in different areas of the country. I would grant certiorari to resolve this conflict.