61 F.3d 917
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sederick Dean HOOD, Defendant-Appellant.
 No. 95-2008.
(D.C. No. CIV-94-248)
 United States Court of Appeals, Tenth Circuit.
 July 18, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Defendant-Appellant Sederick Dean Hood ("Hood") challenges his sentencing following his guilty plea to one count of conspiracy to manufacture and distribute more than five grams of cocaine base and aiding and abetting in violation of 21 U.S.C. 841(a)(1) & 841(b)(1)(B) and 18 U.S.C. 2. Hood was originally sentenced to 188 months imprisonment and eight years of supervised release. Hood then filed a petition seeking a modification of his sentence under 18 U.S.C. 3582(c)(2) based on the retroactive application of an amendment to the United States Sentencing Guidelines ("U.S.S.G.") that provided that waste products from the manufacture of cocaine base should not be included in the calculation of drug quantity to determine the offense level. The district court treated Hood's action as a petition for habeas corpus under 28 U.S.C. 2255, and, following the report and recommendations of a magistrate, granted the petition and resentenced Hood to 151 months imprisonment. Hood then filed the instant appeal, claiming that his new sentence was still based on an overcounting of the quantity of cocaine base. We conclude that Hood waived this objection to the quantity used in resentencing and, therefore, affirm the decision of the district court.
 
 
 3
 Hood's original sentence was based on a determination that his offense involved approximately 218 grams of cocaine base, resulting in a base offense level under U.S.S.G. 2D1.1(c)(3) of 34. Section 2D1.1 provides that, unless otherwise specified, the quantity of the controlled substance should include the weight of any mixture or substance containing a detectable amount of the controlled substance. In the present case, the 218 grams included cocaine base purchased by investigators from Hood and his coconspirator, and cocaine base and waste material from the cocaine base manufacturing process seized during a search. At his sentencing hearing, Hood objected to the inclusion of the roughly 145 grams of waste material in the calculation of his offense level, but the court rejected the objection. Hood appealed, and we affirmed in United States v. Hood, No. 91-2216, 1992 WL 19899 (10th Cir. Febr. 5, 1992) (unpublished).
 
 
 4
 However, effective November 1, 1993, Amendment 484 to the U.S.S.G. modified application note 1 to 2D1.1, and provided that "[m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used." The amendment listed several examples of materials that should be excluded, including waste water, and specified that if a material cannot be readily separated from the mixture or substance used to calculate the offense level, the court may use "any reasonable method to approximate the weight of the mixture or substance to be counted."[2] We have previously noted that the amendment may be applied retroactively, United States v. Deninno, 29 F.3d 572, 579 (10th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995), and the government concedes that retroactive application is appropriate in this case.
 
 
 5
 Based on the amendment, Hood filed the instant action to modify his sentence, and the district court resentenced Hood, excluding the 145 grams of waste material and using a resulting offense level of 32. However, Hood maintains that the resulting quantity of cocaine base should be reduced further by excluding (1) additional waste water in the cocaine base "sludge" left even after eliminating the 145 grams of waste water; and (2) the weight of the containers in which the cocaine base mixture was held. At a minimum, Hood argues that he was entitled to an evidentiary hearing before the district court to establish the proper quantity of cocaine base for which he was convicted.[3]
 
 
 6
 However, as the government notes, Hood failed to object to the magistrate's recommendation that only the 145 grams of waste water be excluded and that Hood be sentenced on the remaining quantity of roughly 73 grams of cocaine base after being apprised of the consequences of failing to object. Thus, Hood has not preserved the issue for appellate review.[4] See Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991) ("[T]he failure to make timely objection to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions.").
 
 
 7
 For the foregoing reasons, the ruling of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 However, material should not be excluded where it was combined with the controlled substance in "an unusually sophisticated manner in order to avoid detection."
 
 
 [3]
 Hood also argues that the district court's ruling was in error because it was based on the report and recommendation of a magistrate who lacked jurisdiction to consider Hood's claim. Specifically, Hood claims that the district court could not refer his action to a magistrate because it was filed pursuant to 18 U.S.C. 3582(c)(2), and not pursuant to 28 U.S.C. 2255, as the district court and magistrate treated his claim. However, the district court possesses authority to refer applications for post-trial relief to a magistrate under 28 U.S.C. 636(b)(1)(B), and that authority applies even to actions under 18 U.S.C. 3582(c)(2) for reductions in sentences based on amendments to the sentencing guidelines. Moreover, Hood has not shown how the district court's treatment of his claims under 28 U.S.C. 2255 prejudiced him in any way
 
 
 [4]
 Moreover, even in his original petition for reduction of his sentence, Hood only alleged that the 145 grams of waste water should be excluded from the quantity calculation. See Record on Appeal, "Motion for Modification/Adjustment of Sentence" at 2