**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry David GARCIA, Defendant–Appellant.**

**No. 97–50573.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 1998.*

Decided July 15, 1998.

Benjamin L. Coleman, Federal Defenders of San Diego, Inc., San Diego, California, for the appellant.

John D. Kirby, Assistant United States Attorney, San Diego, California, for the appellee.

Before: O'SCANNLAIN, TROTT and FERNANDEZ, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We must decide whether the Sentencing Guidelines require that sterilized marijuana seeds be extracted from a package containing pure marijuana before weighing for sentencing purposes.

I

Larry David Garcia appeals his sentence imposed following his conviction for importation of marijuana. On April 2, 1997, Garcia entered the United States from Mexico through the Calexico Port of Entry as the sole occupant of a 1982 Ford Granada. He was referred to secondary inspection, where a package containing marijuana was found hidden in his car. Garcia was arrested, and pled guilty to importation of marijuana in violation of 21 U.S.C. §§ 952, 960.

At Garcia's sentencing hearing, the parties stipulated that the net weight of the package seized from his car was 20.5 kilograms, ex-

---

* The panel unanimously finds this case suitable for decision on the briefs and without oral argu- ment. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

cluding packaging. Garcia's counsel requested that, for purposes of determining Garcia's base-offense level, the package be weighed only after the removal of any sterilized marijuana seeds. The district court denied this request, ruling that U.S.S.G. § 2D1.1 requires that sterilized seeds be weighed together with pure marijuana for sentencing purposes.[1]

Applying U.S.S.G. § 2D1.1(c)(11), the district court determined that, because the marijuana-containing mixture that Garcia imported weighed between 20 and 40 kilograms, Garcia's base-offense level was 18. The district court then applied a 2-level downward adjustment pursuant to U.S.S.G. § 3B1.2 to reflect Garcia's role in the offense, and a 3-level downward adjustment pursuant to U.S.S.G. § 3E1.1 for Garcia's acceptance of responsibility, resulting in an adjusted offense level of 13. After finding that Garcia fell in Criminal History Category V, the district court concluded that the applicable guideline range was 30–37 months. Garcia was sentenced to 30 months in custody and 3 years of supervised release.

## II

■ Garcia challenges the district court's determination that, because he imported a marijuana-containing mixture weighing between 20 and 40 kilograms, his base-offense level under the Sentencing Guidelines was 18. *See* U.S.S.G. § 2D1.1(c)(11). Garcia argues that the weight of any sterilized seeds contained in the package he imported should not have been considered in determining his base-offense level. Garcia maintains that removing these seeds would have reduced the weight of the package to below 20 kilograms, and therefore would have reduced his base-offense level to 16 pursuant to U.S.S.G. § 2D1.1(c)(12).[2]

Note A to section 2D1.1(c) states that "[u]nless otherwise specified, the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of *any mixture or substance containing a de-*

*tectable amount of the controlled substance.*" U.S.S.G. § 2D1.1(c), Note A (emphasis added). Although the Sentencing Guidelines themselves do not define "mixture or substance," Application Note 1 to U.S.S.G. § 2D1.1 provides that " '[m]ixture or substance' as used in this guideline has the same meaning as in 21 U.S.C. § 841, except as expressly provided." U.S.S.G. § 2D1.1, comment. (n.1).

Unfortunately, referring to "mixture or substance" as used in 21 U.S.C. § 841 to determine the meaning of that phrase in the Sentencing Guidelines does not significantly advance our analysis. 21 U.S.C. § 841 merely establishes penalty ranges that vary with the weight of a "mixture or substance containing a detectable amount of marijuana." *See* 21 U.S.C. § 841(b)(1)(A)(vii), (b)(1)(B)(vii). As the Supreme Court noted in *Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991), "[n]either the statute [21 U.S.C. § 841] nor the Sentencing Guidelines [U.S.S.G. § 2D1.1] define the terms 'mixture' and 'substance,' nor do they have any established common-law meaning." *Id.* at 461–62, 111 S.Ct. 1919.

The *Chapman* Court concluded that because the terms "mixture" and "substance" are not defined in either 21 U.S.C. § 841 or U.S.S.G. § 2D1.1, "[t]hose terms ... must be given their ordinary meaning." *Id.* at 462, 111 S.Ct. 1919. The Court defined the term "mixture" as follows:

> A "mixture" is defined to include "a portion of matter consisting of two or more components that do not bear a fixed proportion to one another and that however thoroughly commingled are regarded as retaining a separate existence." Webster's Third New International Dictionary 1449 (1986). A "mixture" may also consist of two substances blended together so that the particles of one are diffused among the particles of the other. 9 Oxford English Dictionary 921 (2d ed.1989).

*Id.*

Although the *Chapman* Court defined the term "mixture," it did not define the term

---

1. All references are to the November 1996 version of the Sentencing Guidelines.

2. We assume, without deciding, that the package carried by Garcia contained some sterilized seeds.

"substance." Webster's Third International Dictionary defines a "substance" as "a material from which something is made and to which it owes its characteristic qualities." Webster's Third International Dictionary 2279 (1979). A more helpful definition is provided by Hawley's Condensed Chemical Dictionary, which defines a "substance" as follows:

> Any chemical element or compound. All substances are characterized by a unique and identical constitution and are thus homogeneous.... A material of which every part is like every other part is said to be homogeneous and is called a substance.

Hawley's Condensed Chemical Dictionary 1098 (12th ed.1993).

Although perhaps insufficiently "homogeneous" to be classified as a "substance," a package consisting of the pure drug marijuana and sterilized seeds (excluding packaging) falls comfortably within the definition of "mixture." Such a package "consist[s] of two substances blended together so that the particles of one are diffused among the particles of the other." *Chapman,* 500 U.S. at 462, 111 S.Ct. 1919 (quoting 9 Oxford English Dictionary 921 (2d ed.1989)); *see also* Hawley's Condensed Chemical Dictionary 788 (12th ed.1993) (defining "mixture" as "[a] heterogeneous association of substances which cannot be represented by a chemical formula" and whose "components may nor may not be uniformly dispersed and can usually be separated by mechanical means"). Accordingly, the district court did not err in holding that it was appropriate to weigh any sterilized seeds carried by Garcia as part of a "mixture" containing marijuana in determining Garcia's base-offense level under U.S.S.G. § 2D1.1.

As Garcia correctly notes, 21 U.S.C. § 802(16) defines "marijuana" as "all parts of the plant Cannabis sativa L.," but specifically excludes from this definition "the mature stalks of such plant, fiber produced from such stalks, ... or the *sterilized seed* of such plant which is incapable of germination." 21 U.S.C. § 802(16) (emphasis added). However, under U.S.S.G. § 2D1.1, we ask whether the sterilized seeds are part of a "mixture or substance containing a detectable amount of

[marijuana]," U.S.S.G. § 2D1.1(c), Note A, not whether the sterilized seeds themselves are "marijuana." The fact that sterilized seeds do not fall within the definition of "marijuana" under 21 U.S.C. § 802(16), does not control whether they fall within the definition of a "mixture or substance containing a detectable amount of [marijuana]" under U.S.S.G. § 2D1.1(c), Note A.

In concluding that the district court was correct not to exclude sterilized seeds, we follow the Fifth Circuit's decision in *United States v. Vasquez,* 951 F.2d 636 (5th Cir. 1992). In *Vasquez,* the defendant appealed the district court's decision to weigh "mature stalks, fibers, and seeds incapable of germinating" along with pure marijuana in determining the defendant's base-offense level under U.S.S.G. § 2D1.1. *Id.* at 637. The court concluded that, although the items the defendant sought to exclude do not fall within the statutory definition of marijuana under 21 U.S.C. § 802(16), they are properly included in determining " 'the entire weight of any mixture or substance containing a detectable amount of [marijuana.]' " *Id.* (citation omitted).

■ In his reply brief, Garcia raises for the first time the argument that sterilized seeds should have been removed before weighing the marijuana because these seeds rendered the marijuana unusable. In advancing this argument, Garcia relies on Application Note 1 to U.S.S.G. § 2D1.1, which provides:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance.

U.S.S.G. § 2D1.1, comment. (n.1). We find this argument to be without merit for two reasons. First, this court does not "ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." *International Union of Bricklayers & Allied Craftsman*

*Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985); *see also Omega Env'tl, Inc. v. Gilbarco, Inc.,* 127 F.3d 1157, 1167 (9th Cir.1997); *Cross v. Washington,* 911 F.2d 341, 345 (9th Cir.1990). Second, even if we were to consider the argument, as the district court concluded, "you don't have to take seeds out of marijuana to use it." Because Garcia's counsel did not object to this finding at the sentencing hearing, and because it was not plainly erroneous, Garcia's argument would fail in any event. *See United States v. Mathews,* 120 F.3d 185, 188 (9th Cir.1997); *United States v. Pinto,* 48 F.3d 384, 390 (9th Cir.1995).

AFFIRMED.