## NATIONAL MANAGEMENT SERVICES, INC., an Oregon corporation, Plaintiff–Appellant,

v.

## QWEST DEX, INC., a Colorado corporation, Defendant–Appellee.

No. 03–35109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided July 7, 2004.

Timothy R. Volpert, Esq., John F. McGrory, Jr., Esq., Davis, Wright, Tremaine, Portland, OR, for Plaintiff–Appellant.

Michael H. Simon, Esq., Sarah J. Crooks, Esq., Perkins Coie, LLP, Portland, OR, for Defendant–Appellee.

Before: REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

National Management Services, Inc. appeals the district court's grant of summary judgment to Qwest Dex, Inc. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm in part and reverse in part.

Because the parties are familiar with the facts, we do not recount them in detail

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

except as necessary. We review the district court order granting summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002).

We reverse dismissal of the claim of improper payment of year 2000 commissions. The district court correctly recognized that performance of year 1999 sales could be consideration for the first promise contained in the January 12, 1999 letter— to pay a certain commission for 1999 sales. It erred, however, when it held that this same performance could not also be consideration for the second promise contained in that letter, *i.e.*, that the "current compensation criteria will remain in effect" for 2000. "A single performance ... may ... furnish consideration for any number of promises." *Restatement (Second) of Contracts* § 80 cmt. a (1981). Oregon regularly cites the Restatement with approval. *See, e.g., Compton v. Compton*, 187 Or. App. 142, 66 P.3d 572, 576 (2003) (section 90); *Oregon Univ. Sys. (OUS) v. Oregon Pub. Employees Union, Local 503*, 185 Or.App. 506, 60 P.3d 567, 572 (2002) (section 205). There is a triable issue as to whether performance of 1999 sales was consideration for the second promise.

However, we affirm dismissal of National's claim that it was underpaid for year 2002 sales. Although National offers two arguments in support of this claim, both are waived because one was not properly raised in the district court and the other was not raised in appellant's opening brief. *See Humanitarian Law Project v. United States Dep't of Justice*, 352 F.3d 382, 394 n. 9 (9th Cir.2003) (failure to raise below); *United States v. Garcia*, 149 F.3d 1008, 1010 (9th Cir.1998) (failure to raise in opening brief); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1514 n. 6 (9th Cir.1994) (presentation of an issue for the first time in reply to response to motion for summary judgment motion "raise[s] serious questions of fairness").

We affirm dismissal of the bad faith claim. Oregon law allows a remedy for breach of the covenant of good faith and fair dealing if a party unreasonably interferes with another party's ability to receive the "fruits of the contract." *Perkins v. Standard Oil Co.*, 235 Or. 7, 383 P.2d 107 (1963); *cf. Uptown Heights Assoc. Ltd. Partnership v. Seafirst Corp.*, 320 Or. 638, 891 P.2d 639, 643 (1995) (invocation of express written contract rights does not alone constitute bad faith). While *soliciting* National customers with a substantially lower fee schedule could be unreasonable interference, National argued to the district court that its bad faith claim did not rely on specific contacts between Qwest salespeople and National customers, but rather on the very existence of the dual fee schedule. Each party shall bear its own costs.

AFFIRMED IN PART, REVERSED IN PART; REMANDED.